## No. 8713.

### THE STATE OF LOUISIANA VS. AMOS BUCHANAN.

Where a party is indicted as E. Buchanan, is arraigned and pleads as Amos Buchanan, which is his true name, the State during the progress of the trial can amend the indictment by setting out the true name.

In case of a conspiracy to commit a crime after such conspiracy is proved, a declaration of one of the conspirators made even out of the hearing of the other relating to the commission of the crime, is admissible against him, but not if made after the common purpose has been consummated or abandoned. And this rule is not varied by the fact that after the commission of the offense and the arrest of the offenders, they have entered into a new conspiracy to manufacture or influence evidence favorably to themselves at the approaching trial, and the declaration of one of the conspirators in question is made whilst pursuing the purpose of the last conspiracy.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Clegg*, J.

*J. C. Egan*, Attorney General, and *Jos. A. Chargois*, District Attorney, for the State, Appellee:

1. Indictments may be amended so as to make the name of accused mentioned in the indictment correspond with the proof adduced on the trial. R. S. Sec. 1047; 23 An. 604; 30 An. 367; 31 An. 408.

12

State vs. Buchanan.

2. The declarations of an accomplice made in the presence of the co-defendant are admissible in evidence on the trial. Wharton, p. 189 ; Waterman's U. S. Digest, p. 138, Nos. 123, 124, 125 and 126.

3. Newly discovered evidence to be the basis of a new trial must be material, and not only cumulative, corroborative or collateral.

4. This Court will not review the ruling of the court *a qua* on a motion for a new trial based on newly discovered evidence, because it is a question of diligence, and not an unmixed question of law. 2 An. 921 ; 4 An. 438, 441 ; 6 An. 311, 593, 652 ; 7 An. 284, 531 ; 8 An 515 ; 8 R. 554, 590 ; 13 An. 573 ; 21 An. 473 ; 22 An. 408 ; 30 An. 305, 114 ; 38 An. 842 ; Const., Art. 81.

*C. Debaillon* and *M. E. Girard* for Defendant and Appellant :

To make the declarations of others evidence against an accused, when made out of his hearing, it must be first shown that there was a conspiracy between him and them. State vs. Smith, 30 An. 457 ; Wharton, Sec. 702 ; Bishop Crim. Proc. Vol. II, Sec. 229 ; Archbold, Vol. I, p. 398.

The Act, declaration or dictation of one conspirator, after the common purpose is at an end, cannot affect the others. 29 An. 354 ; 31 An. 860 ; Wharton, Secs. 703, 704, 705 ; Bishop Crim. Proc. Vol. II, Sec. 230 ; The State vs. Thibeau, 30 Vt. 100, 106, 107 ; Archbold, Vol. I, p. 409 ; Destey, 11 h.

The opinion of the Court was delivered by

Todd, J. The defendant appeals from an eighteen months' sentence of imprisonment in the penitentiary on an information for larceny.

The grounds of the appeal are :

1. That the information charged that the larceny was committed by one E. Buchanan, and the Court during the progress of the trial, on motion of the District Attorney, permitted the information to be amended by setting out the name of the defendant as "Amos Buchanan."

It appeared that the accused was known and called in all the proceedings, Amos Buchanan, was thus arraigned and pleaded, and the evidence showed it was his true name.

The amendment allowed was authorized by the express terms of Sec. 1047, R. S.

Under the common law, as it existed before the statutory change referred to was made, an accused could not take advantage of a misnomer after arraignment and plea. 1 Chit. Cr. L. 202 ; Archb. Crim. Proc., vol. 1, 261, note ; 16 Mass. 141 ; 1 Parker, 329.

Therefore, in this case, had the correction not been made and a conviction been had, he could not have been relieved by motion in arrest or motion for new trial. There was no motion to quash or plea in abatement filed.

2. Complaint is made that during the trial a witness for the State was asked what one Noah Harman had told him, the witness, and was permitted to relate what he had been told by Harman concerning the commission of the offense and the part taken therein by the ac-

cused. This testimony was objected to by the counsel for the accused, and a bill of exception retained to its admission.

The objections were in substance : 1st, that the statement to Harman was made out of the hearing of the accused ; 2d, that there was no conspiracy first proved to exist between the accused and said Harman before the question was asked ; and 3d, that if such conspiracy had been shown to exist, when the statement was made by Harman to the witness, the alleged common purpose must have ended, as it was made after the commission of the offense.

It appears that Harman had been jointly charged, in the information, with Buchanan, with stealing cattle. That both had been arrested and had been released on bond, but Buchanan alone was tried. That the statement of Harman, admitted in evidence, was made after the parties thus jointly charged had been arrested and released on bond.

If any purpose, plan or conspiracy existed between these parties to commit the offense charged, *after* the commission of the offense and their arrest therefor such conspiracy or common purpose would, it is clear, have been consummated or at an end.

It is elementary, that the statement respecting such offense, made out of the hearing of the accused, by his co-conspirator, after the conspiracy has ended, is inadmissible.

Wharton thus expresses the law on this point :

" The distinction appears to be well settled between the admissibility of declarations accompanying the acts of conspirators and statements subsequently made, as evidence against the rest.

" This co-responsibility holds good without regard to the time in which the party entered the combination. He becomes responsible for every act which may afterwards be done by any one of the others, in furtherance of the common design. When, however, the common enterprise is at an end, whether by accomplishment or abandonment, no one of the conspirators is permitted by subsequent act or declarations of his own to affect the others. His confession, therefore, subsequently made, is not admissible in evidence as such against any but himself." Wharton, Secs. 702, 705 ; Bishop's Crim. Proc., vol. 2, Sec. 230 ; 29 An. 354 ; 31 An. 860.

The statement in question was admitted by the Judge, as appears from the bill of exceptions, for the reason that the parties had been co-conspirators in the commission of the offense charged, and because he, the Judge, believed that when the statement was made by Harman, he and Buchanan were at that very time engaged in an attempt to deceive the witness, in order to make evidence for themselves on the then approaching trial.

. This latter consideration could not affect the question of the admissibility of this declaration. The sole test of the admissibility of a declaration by one conspirator inculpating his co-conspirator, made out of his hearing, is whether such declaration was made whilst they were engaged in carrying out the purpose of the conspiracy, and this fact or condition must *first* be established before the declaration can be admitted. If made after the accomplishment or abandonment of the common purpose, it is made too late and.cannot be admitted.

If the declaration is made whilst the conspiracy is still on foot, it . must refer exclusively to the offense or the commission of the offense. for which the party is tried. If, after the offense is committed, a plan is formed by the two offenders for any purpose relating to their trial, this fact cannot render admissible the declaration of one of the parties against the other, concerning their first offense, though made during the existence of his last or new conspiracy about the evidence. Such a circumstance has no real bearing on the question presented, and the Judge should have given it no consideration.

We are satisfied that this statement of the accomplice was greatly to the prejudice of the defendant, and its admission constitutes so grave an error as to invalidate the conviction.

It is, therefore, ordered, adjudged and decreed that the conviction and sentence appealed from be annulled, avoided and reversed, and that the case be remanded, to be proceeded with according to law and the views herein expressed.