BLANCHARD, J.
Defendant was convicted of the crime of grand larceny. I-Ie was jointly charged with one Joseph Parker, but severed in his defense from Parker. Prom a sentence of three years in the penitentiary he appeals.
His first bill of exceptions is leveled at the ruling of the trial jud¿e admitting to the jury, as evidence on part of the prosecution, the testimony of one Gonzales, which had been taken on the preliminary examination of the accused. •
Gonzales was not present at the final trial and the prosecution offered his testimony taken as stated.
The objection of the bill is twofold:—
1. That no proper foundation had been laid for its introduction.
2. That there was no sufficient verification of the correctness of the testimony as to the manner of its taking, etc.
Neither is good.
The testimony establishes that Gonzales lived in Mexico; that he was .brought to' Louisiana to appear as a witness at the preliminary trial; that he was furnished by parties in interest with transportation over the Southern Pacific Railroad to come; that he remained here only long enough to testify and was then furnished with transportation over the same railroad back to Mexico; and that the day following the preliminary examination he boarded a Southern Pacific railway train bound west, and has not been seen 'or heard of in the state since.
As to the verification of the testimony, it is shown that Gonzales could not speak the English language and was assisted in giving his testimony .at the preliminary examination by an interpreter, who was duly sworn as such, and that his evidence was taken down in shorthand by the court’s official stenographer from the lips of the interpreter in the presence of the court.
The stenographer certifies to the testimony as a true and correct transcript from his notes, and that the testimony so transcribed by him was given in open court by Gonzales in the presence and hearing of the accused and his counsel, who were afforded full opportunity for cross-examination of the witness. And the whole is signed by the judge who officiated at the preliminary examination. See section 2, Act 123 of 1898.
We, therefore, find chat the testimony was properly taken and verified, and that the proper foundation for its admission to the jury was laid.
The second bill of exceptions recites that one George Samuels, a witness for the state, was permitted to testify as to the actions of Joseph Parker and Wm. H. Arnault, who were likewise charged with the theft, and *487 as to conversations had by him (Samuels) with Parker and Arnault. Objection to this was made on the ground that defendant was on trial alone, a severance having been granted; that no conspiracy was alleged; that the conduct of Parker and Arnault and their conversation with Samuels out of the presence of the accused was no part of the res gestas; nor were they acts or declarations in furtherance of a common design.
The. trial.judge ruled that while it is true the general rule of law is the declaration of a co-conspirator is to be received only after the conspiracy has been established, yet there are exceptions to the rule and one of them arises when' the conspiracy is to be established by numerous isolated facts. It is then permissible for the declarations and acts of those thought to be in the conspiracy to be received subject to be considered or rejected by the jury in case the conspiracy be or be not established.
And he then and rhere charged the jury that unless the conspiracy was established, in their view of the case as finally given to them, and the defendant connected with the same along with Parker and Arnault, the acts and declarations of the latter, as testified to by the witness Samuels, were not to be considered by them, but disregarded.
There was no error in this ruling.
Underhill on Grim. Evi. p. 552, par. 494.
The undertaking of the several parties charged with the common crime was to steal a lot of copper in bars from a railroad car, sell it and divide the proceeds. This adventure continued a joint one until the copper was disposed of and the proceeds divided.
So that, until finally closed, the declarations and acts of the parties in execution of their common design were admissible in evidence against" any one or all of those engaged in the conspiracy. State v. Buchanan, 35 La. Ann. 89; Baker v. State, 80 Wis. 416, 50 N. W. 518; State v. Thaden, 43 Minn. 253, 45 N. W. 447; State v. Pratt, 121 Mo. 566, 26 S. W. 556; Com. v. Smith, 151 Mass. 491, 24 N. E. 677.
It was such acts and declarations as these that Samuels was permitted to testify to. A. & E. Ency. of Law (2d. Ed.) vol. 6, p. 870.
The existence vel non of a conspiracy to steal and sell the copper and divide the proceeds was a question of fact to be determined by the jury, whose province it was to decide from all the evidence whether there was such a combined intent and confederation as constituted the offense. A. & E. Ency. of Law (2d Ed.) vol. 6, p. 865.
In this view, it was permissible for Samuels to state to the jury what he knew of the acts of Parker and Arnault, recite what they had said to him about the copper and its sale or attempted sale to the foundry which he (Samuels) represented.
Bills of exception 3, 4 and 5 are similar in character to bill No. 2, and are disposed of by the ruling on the issue raised in the last-named bill.
Bill of exception No. 6 records objection to certain testimony given by one Renecky, called for the state, on the ground of irrelevancy. It was claimed to be irrelevant for the reason that it related to what defendant’s counsel referred to as another offense committed at another time. In the per curiam part of the bill, the judge states there was no attempt to prove the commission of two offenses; that the purpose of the state was to show the seals of the car had been broken on the day charged; that the offense with which the defendant and others stood charged was a continuous one, and was not consummated at one and the same time.
We are not convinced there was error in the ruling permitting Renecky to give the testimony sought by the state to be elicited from him.
Judgment affirmed.