(127 So. 735)

**STATE v. COURTNEY et al.**

No. 30406.

March 5, 1930.

M. C. Rownd, of Springfield, for appellants.

Percy Saint, Atty. Gen., A. L. Ponder, Jr., Dist. Atty., of Amite, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ROGERS, J.

The defendants appeal from their conviction and sentences on a charge of conspiring to commit burglary. There are eight bills of exception in the record, which we will pass on in their order.

Bill No. 1. Only six jurors had been selected when the regular venire was exhausted. The trial judge ordered fifteen names to be drawn from the tales jury box for the purpose of completing the jury. From the list of talesmen so drawn four additional jurors were obtained. The jury being still incomplete, the trial judge again ordered that fifteen names be drawn from the tales jury box. When this was done, defendants, through their counsel objected and moved to quash the drawing, on the ground that the box did not contain the requisite one hundred names. After argument of counsel, the trial judge sustained the motion and ordered the list quashed. A recess was then declared, and, when the court reconvened, the tales jury box, containing one hundred names, was, in obedience to another order of the trial judge, produced and opened by the proper officers, in the presence of the parties and their counsel, and the names of fifteen talesmen drawn therefrom. The defendants, through their counsel, also interposed an objection to this drawing, and, upon their objection being overruled, reserved a bill. The two jurors required to complete the panel were obtained from among these talesmen.

Counsel for defendants strenuously argues that the third and final drawing of tales jurors was illegal because the jury commission, in filling the tales jury box with one hundred names, under the order of the trial judge, returned to the box the slips bearing the names of the fifteen tales jurors that had been removed therefrom on the second drawing, which, upon his objection, had been quashed. Counsel contends that, under the law, the slips containing the names of the tales jurors, to the drawing of which he had objected, should have been destroyed and not reused.

Whatever might be the force of counsel's argument in a proper case, it is wholly unavailing in the present case. The minutes of the court show that the only objection made and reserved by counsel to the drawing of the fifteen talesmen in question was that the witnesses signing the procès verbal of the drawing by the jury commission of one hundred names to fill the tales jury box were not present during the entire time required to complete the work. Testimony was heard on the objection, after which it was overruled by the trial judge. The bill of exception itself shows that it was apparently taken to the motion of the trial judge in overruling defendants' objection to the summoning of fifteen additional tales jurors after the previous list of fifteen tales jurors had been quashed.

Counsel for the defendant has not argued the issue tendered by his bill. For our

own part, we do not see any merit in the point reserved. The record, as we understand it, discloses that there were only fifteen names in the tales jury box the second time it was produced and opened in the court below. When these names were drawn and rejected, the empty box was placed in charge of the jury commission, who were instructed by the trial judge to fill it with one hundred names, which was done. It is obvious, therefore, that, if the defendants are correct in their contention that the fifteen tales jurors whose names were subsequently drawn from the box could not be summoned for jury service, there was no way in the world in which the jury, of whom ten members had already been selected, could be completed and a trial had of the offense with which they were charged. The mere statement of the proposition demonstrates its unsoundness. And defendants have neither alleged nor shown any fraud or injury. Code Cr. Proc. arts. 202, 203.

█ Bill No. 2. This bill was reserved to the action of the court in overruling the defendants' objection to the examination of the talesmen whose names were drawn from the tales jury box the third and last time it was produced and opened in court. The objection was made on the ground that an uncle of the prosecuting witness, who was also a member of the jury commission, had assisted the district attorney in selecting the ten jurors then in the jury box, and that this uncle of the aggrieved party, as a member of the jury commission, had assisted in placing one hundred names in the box from which the tales jurors were drawn. As soon as the objection was made and the trial judge ascertained the facts, he ordered the person complained of to retire from the bar of the court, which he did.

Counsel for defendants, in his argument, refers to the circumstance of which he complains, but he fails to point out wherein the defendants were injured thereby. The bill is untenable.

Bill No. 3. This bill was taken to the ruling of the trial judge wherein he refused to quash, on defendants' motion, the panel of the tales jurors drawn in the case. The facts on which the bill is based are essentially the same as the facts on which the preceding bills are based. We do not find any error in the ruling complained of.

Bill No. 4. The indictment on which defendants are prosecuted reads, omitting the formal parts, as follows, viz.:

"That one Rederick Courtney and one Lawrence McDonald, present, acting together, aiding, assisting and abetting each other * * * on the 5th day of March in the year of our Lord one thousand nine hundred and twenty-nine * * * wilfully, unlawfully and feloniously did conspire with each other to commit and procure to be committed the crime of burglary, the breaking and entering the house of Frank Kreis, in the night time, with the felonious intent of abduction of Vera Kreis for the purpose of unlawful sexual intercourse, she being a person of previous chaste character, from her father Frank Kreis' home, and in pursuance of said conspiracy did approach Frank Kreis' home, a dwelling house, and disturbed the persons thereat. * * * "

After reading the indictment to the jury, the district attorney declared that the charge set forth therein was based on Act No. 8 of 1870, Extra Session. He then placed the prosecuting witness on the stand and asked him if he knew the defendants. Thereupon, defendants, through their counsel, objected to any testimony whatever being heard in the case, for the reason that, at the time the stat-

ute referred to was adopted, there was no such crime as abduction known to the law. The objection was overruled and a bill reserved. The defendants also advanced the same contention under article 4 of their motion in arrest of judgment, which motion and the adverse ruling of the trial judge thereon, are made the basis of their bill of exception No. 8.

Section 6, Act No. 8 of 1870, Ex. Sess., reads in part, as follows:

"That whoever shall conspire with another person or persons to commit or procure to be committed the crime of murder, rape, robbery, burglary, arson, perjury or forgery, and in pursuance of said conspiracy shall enter or approach any dwelling house, * * * on conviction thereof shall be imprisoned at hard labor not exceeding ten years nor less than one year, and fined not exceeding two thousand dollars nor less than five hundred dollars, at the discretion of the court."

The crime of burglary of a dwelling house, when committed without being armed, is denounced by Act No. 71 of 1926, amending and re-enacting Rev. St. § 851. The abduction of women of previous chaste character was made a crime and punishment provided therefor by Act No. 134 of 1890.

Rev. St. § 851, as re-enacted by Act No. 71 of 1926, reads, in part, as follows, viz.:

"Whoever, with intent to kill, rob, steal, commit rape, or any other crime, shall in the night time, break and enter, or having with such intent entered, shall, in the night time, break in a dwelling house * * * without being armed with a dangerous weapon * * * and without committing an assault upon any person lawfully being in such house * * * and every person present, aiding

and abetting in such burglary or accessory thereto before the fact by counseling or hiring such burglary to be committed, on conviction, shall be imprisoned," etc.

It seems almost too plain for argument that the words of Act No. 71 of 1926, "or any other crime," following the offenses specifically named, are sufficient to make a crime of the breaking into of a dwelling house in the nighttime with the intent to abduct a woman of previous chaste character for the purpose of prostitution or unlawful sexual intercourse, which in itself was a criminal offense at the time the statute re-enacting the section of the Revised Statutes was adopted. Section 6 of Act No. 8 of 1870 denounces and punishes those who conspire to commit or procure the commission of the crime of burglary; and the crime of burglary, as we have hereinabove shown, comprehended on March 5, 1929, the offense which the defendants are charged with conspiring to commit on that date.

Our conclusion is that the trial judge did not err in overruling defendants' objection to hearing any testimony as set forth in bill of exception No. 4 or in denying defendants' motion in arrest of judgment in respect of section 4 thereof, as set forth in bill of exception No. 8.

Bills Nos. 5 and 6. These bills are leveled at alleged errors of the trial judge in failing to instruct the jury on defendants' request, at the time the state called the witnesses Frank Kreis and Mrs. Frank Kreis, that statements made by one of the defendants were not binding on the other defendant, and in refusing to sustain defendants' objection that the testimony sought to be elicited from the witnesses was inadmissible against the other defendant until the state had proved the existence of the conspiracy.

Counsel for the defendants mentions these bills in his brief, but has not submitted any argument in support of their merits. He merely refers the court to the testimony to be found in the transcript as sustaining his position.

On the first proposition set forth in the bills, it suffices to say that the present prosecution is for a conspiracy to commit burglary, and hence the acts or declarations of the conspirators in execution or furtherance of the common purpose are deemed to be the acts and declarations of all. State v. Swindall, 129 La. 760, 56 So. 702. On the second proposition invoked in the bills, it appears that it was the purpose of the defendants to control the state in the order of its proof; that is to say, to compel the state to establish the existence of the conspiracy before introducing in evidence statements of one of the alleged conspirators. In a case such as this, much discretion is vested in the trial judge with respect to the order of proof and evidence of acts or declarations may be received at any time during the trial, dependent, finally, for effect as evidence, under the charge of the judge, on the conspiracy being established to the satisfaction of the jury and the accused's connection therewith shown. State v. Bolden, 109 La. 484, 33 So. 571; State v. Gebbia, 121 La. 1083, 47 So. 32; State v. Swindall, supra.

Bills No. 7 and 8. These bills were taken to the action of the trial judge in overruling defendants' motion for a new trial and in arrest of judgment. No argument was offered in support of the bills, which merely reiterate the complaints set forth in the preceding bills. Hence they present nothing calling for review.

For the reasons assigned, the conviction and sentences appealed from are affirmed.