O’NIEDL, C: J.
 

 The appellant, Montgomery, and two other young men, Gardner and Vitrano, were prosecuted for the crime of robbery. The district attorney abandoned the prosecution of Gardner and Vitrano, and they were acquitted. Montgomery was convicted and sentenced to imprisonment in the penitentiary. His appeal is based upon two bills of exception. One of them is the complaint merely of the overruling of a motion for a new trial, the motion being founded upon allegations to the effect that the evidence, in several particulars, was not sufficient to Warrant a conviction. This court has not jurisdiction to decide whether the evidence on which depends the question of guilt or innocence-'of the defendant in a criminal prosecution is sufficient to justify a conviction, even though, as in this case, all of the testimony héard on the trial is attached to the motion for a new trial. It is only in cases where there is no evidence at all of a fact which may be deemed an essential element of the crime charged, that the question of validity of the conviction, without such evidence, is a question of law. This is not such a case.
 

 The other bill of exceptions has reference to the overruling of an objection to a question propounded by the district attorney to the defendant, Gardner, on cross-examination, as a witness in his own behalf. To understand the relevancy of the question, it is necessary to know something of the facts of the case. A man resembling Montgomery, in general appearance, held up two men and a woman in an automobile,.at night,- and, pointing a. pistol at them, -compelled them to abandon the car and.go into the woman’s residence, nearby. The robber then drove off in the ear. Although his face was partly concealed by a handkerchief or napkin, folded in the shape of a mask, one of the victims of the holdup believed that he recognized the robber as Montgomery, whom he knew quite well. The victims of the robbery immediately notified police headquarters, by telephone, .of the robbery, and told the police of the .belief that Roy Montgomery was the robber. Later that night, or rather about 1:30 next morning, two policemen, in search of Montgomery and of the stolen automobile, -found the car parked in front of the Spumone Ice Gream Parlor, out. on Canal boulevard. On the front seat of the car were Montgomery, Gardner, and Vitrano. When the policemen arrested them, a pistol, possessed by one of them, and resembling the pistol that'had been used in the robbery, 'fell on the floor of the car; and the policemen found also in the car a handkerchief or napkin, folded in the shape of a mask, such as the robber had used. The car was parked in a position indicating a readiness to go quickly; that is to say, the headlights were turned on, and the car was facing outward, towards the roadway. The question' which the district attorney asked Gardner, and which the defendants’ attorneys objected to, was whether he, Gardner, and his two companions in the automobile were not -preparing to stick up the Spumone Ice Gream Parlor, when the police arrested them. The objection made to the question was that it was an attempt to prove an intent to commit another crime than that for which the defendants were on trial, and that the question itself was an imputation that the defendants had intended- to commit another crime, other than the robbery for which they were on trial. When the objection to
 
 *208
 
 the question was overruled, the witness answered: “No.” Hence no harm was done by the answer to the question. Counsel for appellant argue, nevertheless, that the question itself conveyed a damaging imputation, which the judge should not have allowed to go to the jury. Our opinion is that the question was relevant and admissible. It was certainly relevant to the question of credibility of the witness, Gardner. Montgomery did not testify in the case, but, even as to him, the question was relevant as an inquiry into the motive for the stealing of the automobile. The state is not permitted to prove, in a criminal prosecution, that the defendant committed or attempted to commit another crime than that for which he is on trial, when such evidence is not relevant on any other theory than that one who commits one crime is prone to commit another. But, whenever the evidence of the commission of another crime, other'than the crime for which the defendant is on trial, is relevant to the question of his guilt or innocence of the crime charged, the evidence of the commission of the other crime should not be excluded merely because of its prejudicial effect. Our conclusion is that the ruling in this case was correct.
 

 The verdict and sentence are affirmed.