**John Wade WILLIAMS and Walter E. Elmer, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 14314.**

United States Court of Appeals Ninth Circuit.

Sept. 20, 1954.

Eugene V. McPherson, Al Matthews, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis L. Abbott, Manuel L. Real, Manley J. Bowler, Hiram W. Kwan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

The appellants John Wade Williams and Walter E. Elmer were indicted, tried and convicted of "Having in their possession a firearm as defined in Sec. 2733 (a) Title 26 United States Code, namely: One Winchester .22 calibre, single shot rifle of a barrel length of less than sixteen inches, did unlawfully fail to register said firearm with the collector of Internal Revenue for the Sixth Collection District of California, the District in which the defendants resided".

The Defendants (Appellants here) were tried before the Court and found guilty.

At the threshold of this review it may be said that the evidence, as admitted by the trial Court, is sufficient to sustain the conviction unless there was

error on the part of the Court in admitting in evidence the gun in question.

An examination of the record reveals the following, during the direct examination of Deputy Sheriff Neff:

"Q. After you stopped and had them get out of the car did you find anything in shaking down the automobile?

"Mr. McPherson: I object to that on the ground that it is an unlawful search and seizure, no showing that he had a warrant".

The objection was overruled and the gun was offered and received in evidence without objection. Counsel for the appellants, however, contend here that the admission of the gun in evidence constitutes reversible error, upon the ground that the gun was seized in the course of an unlawful search in violation of the United States Constitution, Amendment IV which provides in part:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated".

A careful review of the record below shows no attempt on the part of the Appellants to recover the gun nor does it show any motion for suppression of this evidence. In Garhart v. United States, 10 Cir., 157 F.2d 777, 779, we find the following:

"Notwithstanding that these appellants were present at the time of the search and saw what the officers took and were given a receipt identifying the articles which were taken, they made no move to recover the property or to challenge the government's right to use it as evidence in the trial which they knew was to follow, until at the trial. It is well settled that objections to the use of evidence which it is claimed was illegally obtained, must be seasonably made or the right thereto will be lost."

Citing Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647.

It is undisputed that Deputy Sheriffs, who were on patrol duty, observed the appellants run through a boulevard stop sign, and who, after a short chase halted the appellants and searched their car, which search resulted in the finding of the gun. There is no evidence that they were tried or convicted for the offense of running the stop sign, nor are we concerned with that.

While they were being held by the State Officers this case was referred to the Alcohol and Tobacco Tax Division of the Bureau of Internal Revenue for investigation of an alleged violation of the National Firearms Act, 26 U.S.C.A. §§ 2700, 2720 et seq., and Federal Firearms Act, 15 U.S.C.A. § 901 et seq., and the indictment resulted.

This search was conducted by State Officers alone, there were no Federal Officers present nor was the search conducted at the instigation of any Federal Officer, in fact there is no evidence to show that any Federal Officer knew that the search was being made.

■ It is well settled that the Fourth Amendment is applicable only to the Federal Government and its officers and has no application to a search by the officers of the State. In the case of Weeks v. United States, 232 U.S. 383, 398, 34 S.Ct. 341, 346, 58 L.Ed. 652 in Court said:

"The record shows that what they did by way of arrest and search and seizure was done before the finding of the indictment in the Federal court * * *. What remedies the defendant may have against them we need not inquire, as the 4th Amendment is not directed to individual misconduct of such officials. Its limitations reach the Federal government and its agencies."

Also see Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520.

■ The gun in question came into the possession of the Government without violation of any of Appellants' rights by Government Officials and the admis-

sion of the gun in evidence as an exhibit was not error.

The conviction and judgment of the Court below is affirmed.