85 So.2d 272

**STATE of Louisiana**

v.

**George WAGNER.**

No. 42596.

Jan. 16, 1956.

225

226

Matthew S. Braniff, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

PONDER, Justice.

The defendant was convicted of the crime of administering dilaudid, a narcotic drug, in violation of LSA–R.S. 40:962 and sentenced to serve ten years in the State Penitentiary. He has appealed.

During the course of the trial, counsel for the defendant reserved ten bills of exception to the rulings of the trial judge. Bills of Exception Nos. 4, 7, and 10 have been abandoned.

Bills of Exception Nos. 1, 3, 5, and 6 involve the same legal question, viz.: the admissibility of evidence to prove that the defendant together with others burglarized a doctor's bag containing dilaudid tablets some six days prior to the commission of the alleged offense.

The defendant was charged in a bill of information with the administering of a narcotic drug, to-wit: dilaudid, to three named persons under the age of seventeen years. The defendant and others burglarized the automobile of Dr. Warren Schulingkamp on February 24, 1954, while the car was in the parking lot of the Baptist Hospital and took the physician's bag containing, among other things, a small bottle of dilaudid tablets. They left the scene and drove directly to the defendant's dance studio several blocks away where the physician's bag was examined and the contents taken therefrom. On March 2, 1954, the defendant and his same companions met at the dance studio and engaged in a narcotic binge using the dilaudid tablets taken from the doctor's bag. The dilaudid tablets were produced by the defendant and prepared for injection. The dilaudid solution was injected into the arms of the persons present. The State's witnesses to whom the drug had been administered had never used dilaudid before or since and were unable to tell whether they had received injections of that particular drug, or some other drug, or a derivative thereof. In order to identify this drug and its exact nature, it was necessary to trace the possession of the drug to some qualified person who could identify it. The last person who had possession of the narcotic before it came into the hands of the accused was Dr. Schulingkamp and it was essential to prove that the drug was that which belonged to the doctor and was in fact dilaudid. When the accused was arrested, he admitted the theft of the dilaudid from Dr. Schulingkamp's automobile.

The defendant would necessarily have to have possession of the drug in order to administer it and, as pointed out in the case of State v. Montgomery, 170 La. 203,

207, 127 So. 601, 602, "Whenever the evidence of the commission of another crime, other than the crime for which the defendant is on trial, is relevant to the question of his guilt or innocence of the crime charged, the evidence of the commission of the other crime should not be excluded merely because of its prejudicial effect." Under the provisions of Arts. 445 and 446, now LSA–Revised Statutes 15:445 and 15:446 of the Code of Criminal Procedure, evidence is admissible to show guilty knowledge. In Article 441, now LSA–R.S. 15:441, it is provided: "Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible." Under the provisions of our law the evidence is admissible because it was relevant to show an essential element of the crime charged. In State v. Johnson, on rehearing, 228 La. 317, 82 So.2d 24, wherein the defendant was charged with possession of narcotics, this Court pointed out that the commission of a prior offense was admissible to show guilty knowledge or evil motive.

■ Bills of Exception Nos. 2 and 9 are levelled at the wording of the bill of information wherein it was charged that the defendant administered narcotics to persons under the age of seventeen years. Counsel for the defendant takes the position that because of such allegations in the bill of information it does not charge an offense under our law. On examination of the jurors on their voir dire, this issue was sought to be raised and the judge instructed the jury that they should disregard any mention made on their voir dire examination of the ages of the persons to whom the drug was allegedly administered. No proof was offered as to the age of the three persons to whom the narcotic had been administered. While the defendant filed a motion to quash the bill of information based on other grounds, no such objection was raised to this portion of the bill of information.

While the statute, LSA–R.S. 40:962, provides that it is unlawful to administer narcotic drugs to any person without designating age, yet LSA–R.S. 40:982 provides a greater penalty if the person who has been given the narcotic is under the age of twenty-one. The allegation in the bill of information as to the age of the persons to whom the drug was administered would not render the bill of information defective and since no proof was offered as to the age of these persons the defendant could suffer no harm. Moreover, all unnecessary allegations in an indictment, provided that an offense is charged, must be treated as surplusage. LSA–Revised Statutes 15:240. Furthermore, the objection to the bill of information in this case was not properly raised before arraignment. LSA–Revised Statutes 15:284.

■ In Bill of Exception No. 8 the defendant raised the question, by motion for

a new trial, that the corpus delicti was not proven, viz.: that there was no evidence to prove that a narcotic drug, to-wit: dilaudid, was administered. From the facts pointed out heretofore in this opinion, it is apparent that there was evidence proving this fact.

For the reasons assigned, the conviction and sentence are affirmed.