101 So.2d 197

**STATE of Louisiana**

v.

**Frank KAUFMAN.**

No. 43871.

March 17, 1958.

Edward G. Koch, Jr., New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Milton E. Brener, Asst. Dist. Atty., Louis Fenner Claiborne, Asst. Dist. Atty., New Orleans, for appellee.

HAWTHORNE, Justice.

Appellant Frank Kaufman was charged with selling a narcotic drug, an offense denounced by R.S. 40:962(A), and having been tried, adjudged guilty, and sentenced to a term in the penitentiary, he has appealed. The only question presented by this appeal is the correctness of the overruling of appellant's motion in arrest of judgment, to which he reserved a bill of exception.

The bill of information under which appellant was tried and convicted contains two counts. His motion in arrest is

aimed only at the second count, which reads: "* * * that the said Frank Kaufman * * * on December 27, 1956, * * * did sell, give and deliver to James Riley a narcotic drug, to-wit: Two (2) marijuana cigarettes * * *."

In his motion in arrest appellant contends that the information is fatally defective because it does not allege the ages of the vendor and the vendee. Counsel argues that the ages of vendor and vendee are necessary allegations of the information since R.S. 40:981 providing penalties for the violation of the Louisiana Uniform Narcotic Drug Law, R.S. 40:961 et seq., provides for different sentences depending upon the age of the person convicted of the offense and the age of the recipient of the drug.

The statute under which appellant is charged, R.S. 40:962(A), reads: "It is unlawful for any person to * * * sell, give, deliver * * * any narcotic drug * * *." It will thus be seen that the crime denounced by the statute is the sale of a narcotic drug, and that the ages of the parties to the transaction are not an element of the crime. As was pertinently said by this court in State v. Wagner, 229 La. 223, 85 So.2d 272, 273, "While the statute, LSA–R.S. 40:962, provides that it is unlawful to administer narcotic drugs to any person without designating age, yet LSA–R.S. 40:982 [981] provides a greater penalty if the person who has been given the narcotic is under the age of twenty-one". It is only after conviction and prior to sentence that the provisions of R.S. 40:981 become effective, as this section deals with the sentences to be imposed for violations not only of the provisions of R.S. 40:962 but also of any other provisions of the Uniform Narcotic Drug Law.

Article 227 of the Code of Criminal Procedure, R.S. 15:227, provides: "The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more * * *." The ages of the vendor and the recipient are not mentioned in the statute denouncing the crime here charged, and they are not facts necessary to constitute the offense and hence need not be alleged in the information. As stated by this court in State v. Emerson, 233 La. 885, 98 So.2d 225, 226, the information here "charges the offense in the language of the statute and also sets out all facts and circumstances surrounding the alleged offense. It fully informs the court of the offense charged for the proper regulation of evidence sought to be introduced, it fully informs the accused of the nature and cause of the accusation against her, and it is sufficient to support a plea of former jeopardy. State v. Scheuering, 226 La. 660, 76 So.2d 921, and authorities there cited".

Consequently the judgment of the lower court overruling the motion in arrest of judgment was proper.

Appellant's complaint here is aimed solely at the bill of information itself, and he does not contend that the sentence actually imposed under the penalty provision of the Uniform Narcotic Drug Law was in any way improper or illegal.

In support of his contention that the ages of the vendor and the vendee of the narcotic drug must be alleged in the information, appellant points to Article 522 of the Code of Criminal Procedure, R.S. 15:522. This article is found in that section of the Code dealing with "Sentence". It provides that a valid sentence must rest upon a valid verdict, indictment, and statute, and that everything essential to punishment must be found by the verdict and alleged in the indictment. In the instant case we think the information does allege everything essential to punishment, and what appellant is really complaining of is that the information does not set out everything essential to the extent, term, or length of sentence that may be imposed upon conviction. Counsel also cites the case of State v. Gendusa, 190 La. 422, 182 So. 559, but the holding in that case is not pertinent or applicable to the instant case.

For the reasons assigned the conviction and sentence are affirmed.