HAMITER, Justice.
Huey P. Lawrence, the defendant herein,, was tried before a twelve man jury on the charge, as set forth in a bill of information filed against him, of having, on or about October 14, 1966, “* * * between the approximate hours of 4:00 P.M. and 7:00 P. M., at the Smith Malloy Drug Co., Inc.,, building, located at 2446 Lakeshore Drive, Shreveport, Caddo Parish, Louisiana, unlawfully did violate the provisions of R.S-40:978, in that he, being a person over the age of 21 years, did willfully and intention *1088 ally obtain a narcotic drug, to-wit: Twelve J4eth grain Dilaudid tablets, being a derivative of opium, by fraud, deceit, misrepresentation, subterfuge, use of false name and false address, more particularly, the said Huey P. Lawrence did willfully and intentionally utter and present to Herbert P. Baudoin, Registered Pharmacist, a false and forged prescription to-wit: purportedly dated October 14, 1966; purportedly issued to Robert Johnson, 2915 Milam Street, and purportedly signed Dr. G. Garrett, for Twelve Jisth grain Dilaudid tablets, and did obtain possession of said narcotic drug thereby.”
The jury returned a verdict of guilty, and the trial judge imposed a sentence to serve in the state penitentiary at hard labor “for a period of Twelve (12) Years, subject to diminution under the rules and conditions as provided by law.”
The defendant is appealing, he relying for a reversal on five reserved and perfected bills of exceptions. Since all are interrelated they will be discussed together.
In his opening statement the assistant district attorney remarked that he would show some thirty forged prescriptions for similar narcotics (these prescriptions being additional to the one charged on in the information) which were filled for the defendant within three months of October 14, 1966. To the remarks defense counsel, appointed by the court, objected. They urged that “ * * * the jury was prejudiced before the case started against the defendant in believing he had procured some Thirty or more prescriptions for drug or dope, none of which had been alleged in the Bill of Information on which defendant was being tried, and that such remarks and statement to the jury was inadmissible and constitutes reversible error.” On the overruling of the objection bill No. 1 was reserved.
The remaining bills of exceptions (Nos. 2, 3, 4 and 5) were taken when the court overruled objections of defense counsel to the identification and the introduction in evidence of' the above mentioned thirty-odd other prescriptions. The objections were similar to those urged in bill No. 1.
All five bills of exceptions reserved and perfected are, in our opinion, without merit. According to the record the thirty-odd other prescriptions were referred to, identified, and introduced in evidence solely for the purpose of showing guilty knowledge, intent and system, on the part of the defendant, in obtaining the narcotic drugs by fraud, forgery, deceit, misrepresentation and subterfuge from Smith & Malloy Drug Company, Inc. The procedure thus resorted to by the state is permissible under our statutory law and jurisprudence, and the trial judge correctly overruled all objections offered thereto. LRS 15:445 and 446, State v. McBrayer, 188 La. 567, 177 So. 669, State *1090 v. McCranie, 192 La. 163, 187 So. 278, and State v. Wagner, 229 La. 223, 85 So.2d 272.
In their brief to this court counsel for the defendant contend, additionally, that the state failed to adduce evidence showing that “the criminal elements of the alleged Dilaudid tablets were opiate” and that “the alleged prescription on which defendant was charged was a forgery.” But we are unable to consider the contentions, this for the reason that the record contains no bills of exceptions (with the pertinent evidence attached) relating to them. See Code of Criminal Procedure Articles 841 et seq.
For the reasons assigned the conviction and sentence are affirmed.