263 So.2d 895

**STATE of Louisiana**

v.

**Jerry Don CRYER and John H. Seay, Jr.**

No. 51509.

June 5, 1972.

Rehearing Denied June 29, 1972.

Dissenting Opinion July 10, 1972.

D'Amico, Curet & Bush, Sam J. D'Amico, Brumfield & Brumfield, H. Alva Brumfield, III, Baton Rouge, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

The State charged the defendants, Jerry Don Cryer and John H. Seay, Jr., with the sale of marijuana on December 4, 1969, to "a person over the age of 21 years," in violation of LSA–R.S. 40:962(A) of the Uniform Narcotic Drug Law. The case came on for trial on September 17, 1970. The jury returned a verdict of guilty. On February 18, 1971, the trial judge sentenced each of them to a term of seven years in Louisiana State Penitentiary. The sentencing minutes recite:

"Upon inquiry by the court each accused, on advice of counsel, refused to state his age to the court."

The defendants have appealed, relying upon nineteen bills of exceptions reserved in the trial court.

## BILLS OF EXCEPTIONS NOS.
### 1, 18, and 19.

The defendants filed a motion to quash the Bill of Information alleging that the Bill charged no offense known to the laws of Louisiana and that the statutes upon which the charge and sentence were based were unconstitutional. They reurged these contentions by motion in arrest of judgment.

In their motion for a new trial (Bill of Exceptions 19) defendants alleged there was no proof of an essential element of the offense, the defendants' age.

At the time the crime was committed and the charge was filed, the Uniform Narcotic Drug Law (LSA–R.S. 40:961 et seq.) was in effect. Under LSA–R.S. 40:981, the minimum and maximum prison terms for selling marijuana were greater for a defendant over 21 years of age.[1] Prior to the trial, however, Act 457 of 1970 became effective. The new statute substantially altered the sentencing structure. It contained no sentence variation based on age. Instead, it provided for imprisonment of not more than ten years or a fine of not more than $15,000.00 or both.[2]

Section 4 of Act 457 of 1970 provided:

"Crimes committed before this Act becomes effective, shall be prosecuted and punished under the laws in effect at the time of the commission of the crime, and, to the extent of such application only, such laws are hereby preserved; provided that sentences hereinafter imposed may not exceed the maximum terms herein specified and the judge shall have discretion to impose such minimum sentences as are provided for herein."

Defendants contend that the penalty provisions of Act 457 of 1970 repealed the penalty provisions of the statute under which they were charged; that Act 457 of 1970 is unconstitutional as applied to the present offense because it adds a $15,000.00 fine, not authorized under the previous law. Hence, as to this offense, Act 457 of 1970 is an unconstitutional ex post facto law.

These contentions lack merit. Section 4 of Act 457 of 1970 clearly provides that prior crimes shall be prosecuted and punished under the laws in effect at the time of their commission. The only modification is favorable to the defendants. The maximum sentence imposed cannot exceed that provided in the new statute. Within his discretion, the judge may use the lower minimum sentences provided in the new act.

▌▌▌ Defendants have no standing to complain of the $15,000.00 fine because no fine was imposed in the present case. They are in no way affected by the fine provision. A party who assails the validity of a statute on constitutional grounds must show that a decision on those grounds is necessary to protect his rights. Courts will not assume to pass upon constitutional questions unless it is essential for the disposition of the cause before them. Aucoin v.

1. Over 21: Not less than 10 years nor more than 50 years.
 Under 21: Not less than 5 years nor more that 15 years.

2. LSA–R.S. 40:971(b) (2), Act 457 of 1970.

Dunn, 255 La. 823, 233 So.2d 530 (1970); State v. Rue, 236 La. 451, 107 So.2d 702 (1958); 16 Am.Jur.2d, Constitutional Law § 111, pp. 296–299.

Under the earlier statute, the minimum sentence for a defendant over 21 years of age is 10 years, and the minimum sentence for a defendant under 21 years is 5 years. Act 457 of 1970 establishes no minimum sentence for the present offense but does provide a maximum of 10 years in prison.

The record reflects that, in imposing his seven-year sentence, the trial judge used the no-minimum provision of the new act. Under this provision, the age of the defendant is immaterial.

■ Assuming, however, that the age provision of the earlier statute is relevant to the present sentence, defendant's contention that the age of the defendants must be alleged and proved lacks merit. We have previously held that for this offense the age of the defendant need not be alleged in the bill of information nor established by evidence before the jury. See State v. Kaufman, 234 La. 673, 101 So.2d 197 (1958); State v. Wagner, 229 La. 223, 85 So.2d 272 (1956)

Taking note of these decisions, the defendants contend that they should be overruled. We disagree. As we observed in

State v. Kaufman, the defendant's age in LSA–R.S. 40:981 is not an essential element of the offense. It relates only to the sentence. The judge alone has the duty of fixing the sentence. We recently held in State v. Harris, 258 La. 720, 247 So.2d 847 (1971), that the jury has no role in the fixing and imposing of sentences in noncapital cases.

The defendants rely upon State v. Toney, 205 La. 451, 17 So.2d 624 (1944); State v. Saibold, 213 La. 415, 34 So.2d 909 (1948), and State v. Dozier, 258 La. 323, 246 So. 2d 187 (1971). These cases are inapposite. State v. Toney and State v. Saibold deal with cruelty to a juvenile (LSA–R.S. 14:-93) and indecent behavior with a juvenile (LSA–R.S. 14:81), crimes in which the age of the defendant and victim is made an essential element by the statute. State v. Dozier, dealing with the adequacy of a bill of information, does not deal with the question before us.

Finding no constitutional infirmity in the statute and no defect in the bill of information, we conclude that the trial judge correctly overruled the motion to quash and the motion in arrest of judgment. He likewise correctly overruled the motion for a new trial complaining of the absence of evidence of defendants' age.[3]

---

3. Since this complaint is obviously without merit, we do not concern ourselves with the question of whether the bill of exceptions is technically adequate to raise a question of law on this point.

## BILLS OF EXCEPTIONS
## NOS. 2, 3, and 4:

*Statements of Co-conspirator.*

 Gerald L. Thomas, employed as an undercover agent by the Sheriff of East Baton Rouge Parish, testified for the state concerning his contact with an alleged co-conspirator, Damien P. Falcon, jointly charged but not on trial. Over defendants' objection, Thomas testified he purchased narcotic drugs from Falcon, who told him he got the drugs from the defendants.

The objection is based upon two grounds: (1) the District Attorney made no reference to this evidence in his opening statement, and (2) a prima facie case of conspiracy had not been proved.

Contrary to defendants' assertion, the District Attorney did mention in his opening statement that he intended to prove a conspiracy between the present defendants and Damien D. Falcon, the co-defendant who had absconded.

LSA–R.S. 15:455 provides:

"Each coconspirator is deemed to assent to or to commend whatever is said or done in furtherance of the common enterprise, and it is therefore of no moment that such act was done or such declaration was made out of the presence of the conspirator sought to be bound thereby, or whether the conspirator doing such act or making such declaration be or be not on trial with his codefendant. *But to have this effect a prima facie case of conspiracy must have been established."* (Italics ours.)

The defendants assert that the statute provides that the State must prove a prima facie case of conspiracy before any statement or act of a co-conspirator can be introduced in evidence. They further contend that the trial judge erred in admitting the evidence of Falcon's acts and declarations before the State had established a prima facie case of conspiracy.

We do not so construe the statute. The statute deals with the effect of the acts and declarations of one conspirator on the other conspirators. It does not purport to regulate the order of proof.

The question of whether a conspiracy has been established is one of fact for the jury. State v. Skinner, 251 La. 300, 204 So.2d 370 (1967). The jury determines the existence of the conspiracy and the weight to be given the acts and declarations of the parties during the course of the conspiracy.

 The order of proof of the conspiracy, the acts, and declarations rest within the sound discretion of the trial judge. When two or more defendants are charged with the same crime, the trial judge may receive evidence of acts and declarations of one of them before the evidence of a conspiracy has been offered. See State v.

Courtney, 170 La. 314, 127 So. 735 (1930); State v. Dundas, 168 La. 95, 121 So. 586 (1929); State v. Fernandez, 157 La. 149, 102 So. 186 (1924); State v. Lebleu, 137 La. 1007, 69 So. 808 (1915); State v. Gebbia, 121 La. 1083, 47 So. 32 (1908); State v. Bolden, 109 La. 484, 33 So. 571 (1903).

In *State v. Dundas, supra,* this Court stated:

> "[T]he bill of indictment charges both Picou and defendant jointly with having stolen the cattle, alleged to have been stolen in this case. As the larceny is charged as being their joint act, the indictment charges a conspiracy. State v. Ford, 37 La.Ann. 443, 459; State v. Gebbia, 121 La. 1083, 1104, 47 So. 32. The acts and declarations of one conspirator within the scope of the conspiracy and in furtherance thereof is admissible against all coconspirators, and the trial judge need not pass upon the question of conspiracy in the first instance, but may receive the evidence of the acts and declarations of the alleged conspirators, leaving it to the jury to give effect to them against all engaged in the conspiracy in the event the jury should find the conspiracy established. Marr's Crim. Juris. (2d Ed.) § 552, p. 847."

The trial judge properly instructed the jury as to its function in finding the ex-

istence of a conspiracy and in applying the above statute.

We find no error in the admission of the evidence.

## BILL OF EXCEPTIONS NO. 8:

*Production of Police Report for Defense Examination.*

The State called as a witness a special agent of United States Bureau of Narcotics and Dangerous Drugs. During his testimony, defense counsel requested that the witness be ordered to produce a copy of his written investigation report for defense use in cross-examination. The trial judge denied the request. Defendants rely upon 18 U.S.C. § 3500, the United States Jencks Act.

The Jencks Act is inapplicable to trials in state courts. It is well established in Louisiana that the court will not order the production of a police report to be used to cross-examine an officer, unless defendant shows that the report is inconsistent with the officer's testimony. State v. Nails, 255 La. 1070, 234 So.2d 184 (1970); State v. Whitfield, 253 La. 679, 219 So.2d 493 (1969); State v. Martin, 250 La. 705, 198 So.2d 897 (1967); State v. Young, 249 La. 1053, 193 So.2d 243 (1966).

The bill of exceptions is without merit.

## BILLS OF EXCEPTIONS
## NOS. 9 and 11:

*Admission of Letter Taken From Automobile.*

Over defendants' objection, the trial judge allowed the state to introduce in evidence a letter allegedly written by Falcon, a co-conspirator, to defendant Seay. The objection is founded on two grounds: (1) the letter was illegally seized from Seay's automobile (2) the District Attorney made no reference to the letter in his opening statement.

When a tangible object or document is sought to be excluded from evidence because of an unconstitutional search and seizure, the defendant must file a motion to suppress the evidence. Otherwise, defendant is deemed to have waived any objection to its admission based on an infirmity in the search or seizure. LSA–C. Cr.P. Art. 703; State v. Royal, 255 La. 617, 232 So.2d 292 (1970); State v. Wallace, 254 La. 477, 224 So.2d 461 (1969). The defendants filed no motion to suppress the letter. Hence, the objection founded on the seizure is waived.

The State concedes that it made no specific reference to the letter in the opening statement, but asserts that the letter falls within the scope of the statement.

Article 769 of the Louisiana Code of Criminal Procedure provides:

"Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence.

"If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense."

The State points out that, in the opening statement, it informed the jury that it intended to prove a conspiracy. It argues that the letter is a proper means of proving the conspiracy.

As we have often held, the State is not required to enumerate every shred of evidence it intends to use. It is sufficient if the evidence offered falls within the general description of intended proof. See State v. Jones, 230 La. 356, 88 So.2d 655 (1956); State v. Stahl, 236 La. 362, 107 So.2d 670 (1958); State v. McLean, 211 La. 413, 30 So.2d 187 (1947).

The letter is a means of proving the conspiracy, described in the opening statement. Hence, the letter is within the scope of the opening statement.

These bills of exceptions are without merit.

## BILL OF EXCEPTIONS NO. 11:

### Statement in Closing Argument of District Attorney Unsupported by Record.

In his closing argument, the District Attorney said:

"You know, and by the way, this fellow Falcon is the same, is the same fellow, Duke Falcon, who wrote this State Exhibit–9 to John Seay."

The defendants objected on the ground that there was no evidence of record to factually support the statement and moved for a mistrial. The trial judge made the following ruling:

"Gentlemen of the jury, you are the sole judges of the testimony and the evidence. The law does not permit me to comment upon the testimony in any way. The analyses, conclusions, arguments and statements of the lawyers either for the State or for the defendant, does not constitute evidence either. It's just their recollection and their analysis that you are free to accept or reject. The motion for mistrial is denied."

We find no error in the ruling.

## BILL OF EXCEPTIONS NO. 12:

### Comment of the District Attorney on the Failure of Defendants to Take the Stand.

In his closing argument, the District Attorney stated:

"Does anybody deny that these two people and Falcon were present that night in the Wooddale apartment? Does anybody attempt to refute this? No. Does anybody, is there any evidence to refute the fact that all three of them actively engaged and participated in . . ."

Defense counsel then moved for a mistrial, stating:

"I want to object to the remarks made by the District Attorney where he's referring to does anybody deny and he's pointing his finger, and the record will show that if he wants to deny it, he was pointing his finger towards the defendants and I say, if Your Honor please, that's a failure, that's a comment on the failure of the defendants to take the witness stand, and I ask for a mistrial at this time."

The trial judge overruled the motion for a mistrial.

Article 770 of the Louisiana Code of Criminal Procedure provides:

"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

. . . . . .

"(3) The failure of the defendant to testify in his own defense . . ."

The question raised is whether or not the District Attorney's statement refers directly or indirectly to the failure of the defendant to testify in his own defense. If it does, the conviction must be set aside, because a mistrial under these circumstances is mandatory.

In the jurisprudence, this Court has drawn a distinction between a statement that the State's evidence is uncontradicted and a prohibited comment upon the failure of the defendant to testify. The distinction has ample support in law and reason. Defense evidence is not restricted to defendant's own testimony. It may consist of the testimony of other witnesses and demonstrative evidence. See State v. Burch, 261 La. 3, 258 So.2d 851 (1972); State v. Shilow, 252 La. 1105, 215 So.2d 828 (1968); State v. Simpson, 247 La. 883, 175 So.2d 255 (1965), cert. den. 384 U.S. 1014, 86 S.Ct. 1945, 16 L.Ed.2d 1035; State v. Bentley, 219 La. 893, 54 So.2d 137 (1951); State v. Lewis, 156 La. 985, 101 So. 386 (1924)

When the District Attorney's statement is considered as a whole, as must be done, the thrust of the argument is that there is no refuting evidence. The defendants argue, however, that the District Attorney colored the meaning of the statement by pointing his finger toward defendants. They rely primarily upon State v. Robinson, 112 La. 939, 36 So. 811 (1904).

State v. Robinson, however, is distinguishable. In that case, the District Attorney pointed his finger at the defendant, stating: ". . . [H]e has not denied it. He had the right, under the law, and . . ." The court held that this was a comment upon the defendant's failure to testify.

We conclude that the bill of exceptions is without merit.

BILL OF EXCEPTIONS NO. 17:

*Number of Jurors Required for Jury Verdict.*

Defendants reserved Bill of Exceptions No. 17 when the trial judge instructed the jury that nine of its members were required to concur in a verdict.

Article 782 of the Louisiana Code of Criminal Procedure provides:

". . . Cases in which the punishment is necessarily at hard labor shall be tried by a jury composed of twelve jurors, nine of whom must concur to render a verdict." . . .

Article 7, Section 41 of the Louisiana Constitution contains a similar provision.

Defendants contend, however, that these provisions violate the Due Process and Equal Protection clauses of the United States Constitution.

The constitutional argument is without merit. In several recent decisions, we have rejected it. See State v. Caston, 256 La. 459, 236 So.2d 800 (1970); State v. Johnson,

255 La. 314, 230 So.2d 825 (1970) ; State v. White, 254 La. 389, 223 So.2d 843 (1969) ; State v. Schoonover, 252 La. 311, 211 So.2d 273 (1968), cert. den. 394 U.S. 931, 89 S.Ct. 1199, 22 L.Ed.2d 460.

This holding has now been affirmed by the United States Supreme Court in Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 and Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184, both handed down May 22, 1972.

Hence, this bill of exceptions lacks merit.

We have examined the remaining bills of exceptions relating to the jury instructions and other matters and find none of them raise a substantial question.

For the reasons assigned, the conviction and sentence are affirmed.

BARHAM and DIXON, JJ., dissent.

BARHAM, Justice, dissenting from Refusal to Grant Rehearing.

Under Bill of Exceptions No. 12 the defendants complain that the district attorney commented upon the failure of the defendants to take the witness stand. Counsel for defendants objected, requested a mistrial, and reserved this bill of exceptions.

It is not refuted or even disputed that the district attorney pointed his finger at the two defendants as he spoke the following words: "Does *ANYBODY deny* that these two people and Falcon were present that

night in the Wooddale apartment? Does *ANYBODY attempt to refute this*? No. Does *ANYBODY*, is there any evidence to *refute* the fact that all three of them actively engaged and participated in * * *?" (Emphasis supplied.) The combination of these remarks and the district attorney's pointing at the defendants as he made the inquiries constitutes a comment upon the defendants' failure to take the witness stand. In my opinion it is reversible error.

I respectfully dissent from the refusal to grant a rehearing.