SANDERS, Chief Justice
(dissenting from the granting of the writ).
In this case, the applicant took no action at his trial by motion to suppress under Article 703 of the Louisiana Code of Criminal Procedure or by objection to bar the admission of the evidence at his -trial. Hence, any objection that the evidence was tainted by an improper search and seizure was waived. C.Cr.P.Art. 703, Comment D; State v. Cryer, 262 La. 575, 263 So.2d 895; State v. Royal, 255 La. 617, 232 So.2d 292; State v. Wallace, 254 La. 477, 224 So.2d 461; State v. Davidson, 248 La. 161, 177 So.2d 273 (1965).
Article 703 is based upon Rule 41(e) of the Federal Rules of Criminal Procedure. The federal jurisprudence under this rule is consistent with that of Louisiana, holding that a waiver results. United States v. Wernecke (1943, CA7th) 138 F.2d 561, cert. den. 321 U.S. 771, 64 S.Ct. 529, 88 L. Ed. 1066, reh. den. 321 U.S. 803, 64 S.Ct. *765 635, 88 L.Ed. 1089; Rose v. United States (1945, CA9th) 149 F.2d 755; Garhart v. United States (1946, CA10th) 157 F.2d 777; United States v. Sferas (1954, CA7th) 210 F.2d 69, cert. den. 347 U.S. 935, 74 S.Ct. 630, 98 L.Ed. 1086; Williams v. United States (1954, CA9th) 215 F.2d 695.
The question raised by this application is whether, absent any allegation or showing of exceptional circumstances, the applicant can set aside his conviction in this post-conviction proceeding based upon illegally obtained evidence. I think not.
It would be anomalous to hold that the defendant has waived his rights for appellate review of the legality of the evidence, as both the state and federal cburts have consistently done, and yet allow the defendant to be freed on the identical contention in a post-conviction proceeding several years later.
Absent an allegation of special circumstances, the courts deny such relief in post-conviction proceedings. See Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) at footnote 8; United States v. Re, C.A.2, 372 F.2d 641 (1967), cert. den. 388 U.S. 912, 87 S.Ct. 2112, 18 L.Ed.2d 1352.
In Kaufman v. United States, supra, the United States Supreme Court held that a post-conviction proceeding based on an allegation of the admission of evidence from an unlawful search and seizure would lie when:
“Appointed counsel had objected at trial to the admission of certain evidence on grounds of unlawful search and seizure, but newly appointed appellate counsel did not assign the admission as error either in his brief or on oral argument of the appeal. After oral argument of the appeal, however, petitioner wrote a letter to appellate counsel asking him to submit to the Court of Appeals a claim of illegal search and seizure of items from his automobile. Counsel forwarded petitioner’s letter to the Clerk of the Court of Appeals who notified counsel that petitioner’s letter had been given to the panel which had heard and was considering the appeal.” (Footnote 3 at 89 S.Ct. 1071)
Significantly, however, the Court added:
“Furthermore, the § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly federal procedures provided at or before trial and by way of appeal —e. g., motion to suppress under Fed. Rule Crim.Proc. 41(e) or appeal under Fed.Rule App.Proc. 4(b). Fay v. Noia, supra, n. 3 [372 U.S. 391] at 438, 83 S.Ct. 822, at 848 [9 L.Ed.2d 837]; Henry v. Mississippi, supra, n. 3 [379 U.S. 443] at 451-452, 85 S.Ct. 564, at 569-570 [13 L.Ed.2d 408].” (Footnote 8 at 89 S.Ct. 1075)
In the present case, the state procedures have been bypassed. Applicant’s petition contains no allegation to justify his action in bypassing the orderly state procedures. Hence, under the authorities cited, I would deny the writ.