## No. 14,274.

STATE OF LOUISIANA vs. ROBERT GONZALES, *alias* BLINKY BOB.

### SYLLABUS.

The objection brought to the attention of the trial judge, by motion for new trial, that the bill of information informed the jury that there had been a previous trial and conviction and new trial granted, comes too late.

A PPEAL from the Criminal District Court, Parish of Orleans.—
*Baker, J.*

*Walter Guion,* Attorney General, and *J. Ward Gurley,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Henry O. Hollander,* for Defendant, Appellant.

The opinion of the Court was delivered by

MONROE, J. Defendant was convicted of felonious entering in the night time, with intent to steal, and was sentenced to imprisonment at hard labor. He presents his case to this court on a bill of exceptions taken to the refusal of the judge *a quo* to grant a new trial for the several reasons set forth in the motion, of which, however, the only one relied on is stated as follows: "That the indorsement on the back of

the 'information,' showing that a prior conviction had been made, notwithstanding the fact that it also bore the indorsement of a new trial being granted to the accused, was such as to leave a tendency in the minds of the jury which could only redound to the disadvantage and prejudice and biased the minds of the jury against this accused."

The arguments, in the briefs filed, proceed upon the assumption that the bill of exceptions shows that the "information," with the objectionable indorsement on it, was placed in the hands of the jury, or submitted for their inspection; but this assumption, as may be seen from the foregoing excerpt, is not sustained by the fact. Taking it for granted, however, that the bill of information was placed in the hands of the jury when they retired to consider their verdict, that was the proper time for the defendant to have urged his objection. It came too late in the motion for new trial. "A defendant who does not object to illegal evidence, but permits it to go to the jury, can claim nothing afterwards, on the ground of its admission." Bishop's New Crim. Law, Vol. 1, Sec. 997.

Judgment affirmed.