ST. PAUL, J.
Defendant was convicted of grand larceny, and his appeal presents but one bill of exception, to wit, to the overruling of his motion for a new trial.
The first, second, and third grounds urged related to rulings on evidence during the course of the trial and to certain remarks made by the district attorney. As to all of these, however, no formal bill of exception was reserved at the time and hence they.cannot be considered by us. State v. Haines, 51 La. Ann. 731, 25 South. 372, 44 L. R. A. 837; State v. Poree, 136 La. 939, 68 South. 83.
The fourth ground urged is that the bill of information went to the jury with a notation thereon showing that a previous trial had resulted in a mistrial. The bill of exception does not show that the information was placed in the hands of the jury. But, even if so, we cannot see how it could possibly injure the accused that the jury should know that another jury had not heen convinced of his guilt,- rather the reverse.
So that, even if it was error to allow this, knowledge to reach the jury, yet defendant suffered no harm thereby. Had the former-trial resulted in a conviction, afterwards set aside the case might be different.
But we think it well to observe that trial judges, should, as far as possible, avoid placing before juries in a second trial any evidence showing what may have occurred on the former trial.
Decree.
The judgment appealed from is therefore affirmed.
Rehearing refused by Division B, composed of DAWKINS, LAND, and LECH®, JJ.