16 So.2d 238

**STATE v. GROS.**

No. 37136.

Nov. 8, 1943.

Rehearing Denied Dec. 13, 1943.

C. A. Blanchard, of Donaldsonville, for appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Aubert L. Talbot, Dist. Atty., of Napoleonville, for appellee.

FOURNET, Justice.

Oristile Gros, having been tried on a charge of "shooting with a dangerous weapon with intent to murder," was granted a new trial upon motion of his counsel in arrest of judgment calling the court's attention to the fact that a jury of twelve instead of a duly constituted jury of five had returned the verdict of "shooting with intent to kill," and he is now appealing from his second conviction of this lesser crime, relying for the reversal thereof on six bills of exceptions reserved during the course of this second trial.

In his first bill the defendant objects to the overruling of his pleas of "former jeopardy" and "autrefois acquit," by the trial judge, it being his contention that since the jury of twelve failed to insert the word "guilty" before "shooting with intent to kill," this was tantamount to a verdict of "not guilty," and freed him from a subsequent trial on this same charge, regardless of the fact that it was upon his own motion in arrest of judgment that he was granted a new trial on the ground that the jury rendering such a verdict was not duly constituted, his argument being that the jury of twelve was duly constituted and jeopardy attached the moment it was impaneled and sworn, since the additional seven jurors were mere surplusage.

Since the defendant himself filed the motion arresting the judgment in the first trial, under the express provisions of Article 274 of the Code of Criminal Procedure, he could again be put in jeopardy for this same offense. Moreover, to constitute jeopardy, "it is necessary, that the court in which the former trial took place * * * was legally constituted." Article 279. Since the crime for which the defendant was being tried was not necessarily punishable at hard labor, he should have been tried by a jury of five. Consequently, when he was tried and convicted by a jury of twelve, the court was not legally constituted.

The second bill was levelled at the refusal of the trial judge to quash the jury venire of the second trial, containing some of the same members who

had first tried the defendant, in particular the name of Gustave Arcement, the juror who had served as the foreman of the former jury, in violation of Article 188 of the Code of Criminal Procedure, which requires that the names of all persons serving on previous juries be withdrawn from the box at the end of the six-month period. In his brief, defendant's counsel also raises the point that the jury venire did not contain the full 300 names required by law.

There is no evidence in the record to show that the names of persons who served on previous juries were not withdrawn from the box. The appearance on the new venire list of the name of one such juror does not prove defendant's contention, and while a juror's service on the petit jury first trying the defendant might have been good ground for challenging him for cause, it was not sufficient cause to set aside the entire venire, for "unless some fraud has been practiced or some great wrong committed that would work irreparable injury," a venire cannot be set aside because some of the jurors on the list are not qualified to act or because of some defect or irregularity in the manner of selecting the jury. Article 203 of the Code of Criminal Procedure. See, also, State v. Batson, 108 La. 479, 32 So. 478; State v. Brantley, 175 La. 192, 143 So. 46; and State v. Pierre, 198 La. 619, 3 So.2d 895.

Defendant's Bill of Exceptions No. 3, reserved when the judge refused to grant a continuance on the ground that some of his witnesses were in the armed services and unable to testify, has apparently been abandoned, as has also his Bill of Exceptions No. 4, reserved when the defendant objected to the fixing of the case for trial on the morning following the argument on his application for a change of venue.

Bill of Exceptions No. 4½ was reserved when the district attorney was permitted, in rebuttal, to impeach the testimony of Ridley Gros, who had been placed on the stand for the purpose of impeaching the testimony of the prosecuting witness, it being defendant's contention that he was prejudiced by such ruling since he had asked that all witnesses be sequestered and the district attorney had been present in the court room during the entire trial. There is a further objection that no proper foundation was laid for impeaching the testimony of Ridley Gros.

In his per curiam to this bill, the trial judge states most emphatically that proper foundation was laid for impeaching Gros, which, in the absence of evidence to the contrary, is controlling. Consequently, since under the express provisions of Article 371 of the Code of Criminal Procedure "the judge may in all cases, in his discretion, permit any witness to testify," there is no merit to this bill, no abuse of this discretion having been shown by the defendant. See State v. Fernandez, 157 La. 149, 102 So. 186; State v. Keife, 165 La. 47, 115 So. 363; State v. Scruggs, 165 La. 842, 116 So. 206; State v. Wheeler, 173 La. 753, 138 So. 656; and State v. Vincent, 198 La. 1037, 5 So.2d 327.

Bills of Exceptions Nos. 5 and 6, reserved when the trial judge overruled the defendant's motion for a new trial and motion in arrest of judgment, are discussed together by the defendant, since both motions are based on the fact that when the jury took the indictment into their room during their deliberation, the verdict rendered during the first trial, i. e., "Shooting with intent to kill. (S) Gustave Arcement, Foreman," appeared thereon. It is the defendant's contention that this writing constituted extraneous evidence not produced during the course of the second trial and was highly prejudicial to his cause, as indicated by the exact copy of this verdict as the verdict of the jury sitting at his second trial, the word "guilty" only having been added before "shooting with intent to kill" after the court had charged them a second time as to the proper verdicts that might be rendered. In support of his contention he relies on the case of State v. Schaff, 154 La. 802, 98 So. 251.

In that case the court in holding that the notation on the indictment of a previous mistrial was not reversible error, because it did not appear that the defendant's cause had been prejudiced thereby, did observe that "trial judges should, as far as possible, avoid placing before juries in a second trial any evidence showing what may have occurred on the former trial." However, the identical question here raised was disposed of contrary to the defendant's contention in the case of State v. Gonzales, 107 La. 216, 31 So. 626. As expressed in the syllabus by the court, "The objection, brought to the attention of the trial judge by motion for new trial, that the bill of information informed the jury that there had been a previous trial and conviction, and a new trial granted, comes too late." During the course of the opinion the court pointed out that the proper time for an accused to urge his objection to such an indorsement on the indictment is when the indictment is placed in the hands of the jury for consideration and that it is too late to raise the objection in a motion for a new trial. See, also, 120 A.L.R. 466, and the authorities therein cited. As was pointed out in the case of State v. Hoover, 203 La. 181, 13 So.2d 784, 787, "The guarantee under our constitution, Article 1, § 9, of a fair and impartial trial does not contemplate that an accused can take advantage of technical errors committed during the course of his trial while he sat idly by without some showing that the errors were prejudicial to his cause." See, also, State v. Pascal, 147 La. 634, 85 So. 621; and State v. White, 193 La. 775, 192 So. 345.

For the reasons assigned, the conviction and sentence appealed from are affirmed.