18 So.2d 507

STATE v. GROS.

No. 37458.

April 17, 1944.

Rehearing Denied May 22, 1944.

C. A. Blanchard, of Donaldsonville, for relator.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Aubert L. Talbot, Dist. Atty., of Napoleonville, for respondent.

HAMITER, Justice.

Under an indictment returned by the Grand Jury of Assumption Parish on February 24, 1942, the accused, Oristile Gros, was charged with the offense of "Shooting with a dangerous weapon with intent to murder" that allegedly occurred on December 25, 1941.

On March 4, 1943, he was tried and the jury returned a verdict of guilty of "Shooting with intent to kill". Six days later the court condemned him to imprisonment at hard labor in the state penitentiary for the term of fifteen months, a determinate sentence.

The conviction and sentence, on his appeal, were affirmed by this court on November 8, 1943. 204 La. 705, 16 So.2d 238.

Thereafter, in a habeas corpus proceeding, the accused petitioned the district court for an annullment of the determinate sentence and his discharge from imprisonment. As a basis for this request he alleged that at the time of the commission of the offense and the return of the indictment the law (Section 529 of the Code of Criminal Procedure, as amended by Act No. 98 of 1936) provided for an indeterminate sentence, with a minimum and maximum penalty; that after his indictment but previous to his conviction such law was changed by Act No. 46 of 1942, it prescribing a determinate and more onerous and oppressive sentence and containing no specific saving clause; and that the new law, by reason of the absence therefrom of a saving clause and as it could not be given ex post facto effect, constituted a legislative pardon.

The district court, following a hearing on the petition, recalled the writ of habeas corpus previously issued and refused to set aside the determinate sentence. Whereupon the accused obtained from this court, on proper application, writs of certiorari, prohibition and mandamus. By this means the matter is now before us.

■ As a general rule the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer.

■ When relator committed (December 25, 1941) the crime for which he was found guilty, there was in existence the applicable statutory provision reading: "Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years." Act No. 44 of 1890; Dart's Criminal Statutes, Section 765. Also effective then, and appropriate to the crime involved, was Article 529 of the Code of Criminal Procedure, as amended by Act No. 98 of 1936, which made mandatory the imposing by the district court of an indeterminate sentence, with a minimum and maximum penalty, on the convicted accused.

Before relator was tried and convicted, however, the Legislature, through Act No. 46 of 1942, amended and re-enacted Article 529 of the Code of Criminal Procedure so as to read: "Whenever any person is sentenced to imprisonment, after having been found guilty of a crime upon verdict or plea, it shall be the duty of the judge to impose a determinate sentence." Further, such statute, which had no specific saving clause, declared, "All laws or parts of laws contrary to, or in conflict with, this act are hereby repealed." Section 2. It was under this enactment that the complained of determinate sentence of fifteen months was imposed.

With reference to said Act No. 46 of 1942, relator's counsel states in his brief that: "Repeal of law without saving clause in new Act constitutes a legislative pardon and the accused can not be prosecuted either under the old law which has been repealed, or under the new law, which is ex post facto as to crime already committed, and must be released." And numerous decisions of this court are cited in support of the statement. The cases appear to be inapplicable here. On examination we find that the statute involved in each, and held to have an ex post facto effect, furnished an increase in the punishment for a previously denounced crime but provided no saving clause respecting the crime theretofore committed. Act No. 46 of 1942 does not increase or change the penalty recited in Act No. 44 of 1890 which covers relator's offense of "shooting with intent to kill"; it merely prescribes a determinate sentence for any person condemned to imprisonment rather than the indeterminate sentence required by the 1936 statute.

But counsel argues that Act No. 98 of 1936 (the indeterminate sentence law) amended by implication and was a part of the statute (Act No. 44 of 1890) under which the accused committed the alleged crime, and that therefore Act No. 46 of 1942, which repealed the 1936 law and contained no specific saving clause, is violative of the constitutional provision relating to the enactment of ex post facto laws. Conceding arguendo that those two statutes (98 of 1936 and 44 of 1890) are to be read together, as is contended, it must be held that Act No. 46 of 1942 is not without a saving clause. One is contained in Act No. 35 of 1942, Section 1 of which states:

"Be it enacted by the Legislature of Louisiana, That the repeal of any statute shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such statute unless the repealing act shall expressly so provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

Though this saving clause is general in scope, it is regarded as much a part of its contemporary statute, Act No. 46 of 1942, as if written therein. Interpretation of Laws—Statutory Construction—(Earl T. Crawford, 1940) Chapter 26, Section 300; State v. Dreaux, 205 La. 387, 17 So.2d 559.

It is therefore our opinion that the failure of the Legislature to include in Act No. 46 of 1942 a specific saving clause did not furnish to relator a legislative pardon. However, the determinate sentence imposed on him was illegal; he should have received, and now must be given, an indeterminate sentence, pursuant to the provisions of the statute (98 of 1936) that was in force and effect at the time of the commission of his crime.

For the reasons assigned the sentence heretofore imposed on relator is annulled and set aside, and it is ordered that he now be sentenced by the Twenty-Third Judicial District Court in and for the Parish of Assumption in a manner consistent with the views herein expressed, and according to law, on his conviction for the crime of "shooting with intent to kill."

ODOM, J., absent.