**20 So.2d 556**

**STATE in Interest of McDONALD.**

**No. 37688.**

Dec. 11, 1944.

W. W. McDonald and Albert P. Garland, both of Shreveport, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Edwin L. Blewer, Dist. Atty., and Wm. F. Woods, Jr.,

Asst. Dist. Atty., both of Shreveport, for appellee.

### ROGERS, Justice.

This is a juvenile delinquency proceeding presented under the laws of this State, particularly Act 30 of 1924 creating the Juvenile Court for the Parish of Caddo. On February 10, 1944, a probation officer connected with the juvenile court filed two affidavits, alleging in one of the affidavits that Billy McDonald, a child under seventeen years of age, had committed a certain specific act of delinquency and, in the other affidavit, alleging a condition of delinquency resulting from the commission by the juvenile of a number of specific acts of misconduct over a period of months. Prior to the trial on the merits, the juvenile, through his mother, a resident of Florida, and his attorney, who is also his grandfather, residing in the City of Shreveport, filed a plea attacking the constitutionality of Act 30 of 1924 creating the Juvenile Court for the Parish of Caddo. The parties appearing for the juvenile also filed a motion to recuse the judge of the juvenile court from trying the plea of unconstitutionality on the ground of his personal and official interest in the outcome of the proceeding. The judge granted the motion and appointed Robert J. O'Neal, one of the judges of the District Court of Caddo Parish to act in his stead.

Because of the importance of the issue involved, the District Attorney of Caddo Parish intervened in the proceeding for the purpose of defending the constitutionality of Act 30 of 1924.

The plea of unconstitutionality was regularly set down for hearing before Judge O'Neal and after argument thereon the plea was overruled. Thereafter another motion to recuse the judge of the juvenile court was filed by the mother and grandfather of the juvenile on the ground that the judge had a preconceived opinion as to the guilt of the juvenile which he had expressed in a private conversation with the grandfather of the juvenile. After a hearing on the motion to recuse, the motion was denied and a bill of exception was reserved to the ruling. But no formal bill of exception was prepared and presented to the trial judge for his signature, hence, the ruling of the trial judge denying the motion for his recusation is not an issue on this appeal.

After a hearing on the merits, the trial judge held that the juvenile was a delinquent child and ordered him committed for an indefinite period to the Louisiana Training Institute. The judge granted an oral motion for an appeal made on behalf of the juvenile, but refused to suspend the execution of his judgment ordering the juvenile to be held in the custody of the chief probation officer pending his transfer to the Louisiana Training Institute.

On the application of the juvenile and of his attorney and grandfather, this Court issued a rule to show cause why the suspensive appeal should not be granted. Under a stay order which accompanied the rule, the juvenile was released pending the final disposition of the proceeding. After considering the petition for writs, the return of the respondent judge and the law

121

applicable to the issue involved, this Court upheld the action of the trial judge in refusing to grant a suspensive appeal from his judgment. State v. McDonald, 206 La. 732, 20 So.2d 6.

No appearance has been made in this Court on behalf of the juvenile to support the plea attacking the constitutionality of Act 30 of 1924. According to the averments of the plea itself it appears that the alleged unconstitutionality of the statute therein attacked is based on two propositions, to-wit: First, that the statute violates the Federal and State Constitutions in that it does not specifically provide for compulsory process for obtaining witnesses in favor of an accused; and second, that the statute is arbitrary, unreasonable and oppressive in that it permits an accused to be tried, condemned and deprived of his liberty on hearsay testimony and ex parte statements. This proposition is directed at Section 13 of Act 30 of 1924, providing that the testimony of the probation officer assigned to the case shall be admissible as to the result of his investigation.

But the lack of power in the juvenile court to issue subpoenas to witnesses and to compel their attendance, and the power of the court under the provisions of the act to hear and determine cases on the report and testimony of the probation officer are matters with which the juvenile in this case is not concerned. Neither he nor any person acting in his behalf has the right to have the court decide, as an abstract proposition of law, whether the provisions of the statute which are not invoked against him are valid. State v. Norris, 161 La. 988, 109 So. 787.

122

At the time the plea attacking the constitutionality of Act 30 of 1924 was filed and decided, no application for the subpoenaing of any witnesses had been made on behalf of the juvenile and no attempt had been made to introduce the written report or to take the testimony of the probation officer. Consequently, at that stage of the proceeding, the juvenile had no interest in attacking the constitutionality of the statutory provisions which were not being invoked against him.

■ ■ On the trial of the case, the judge of the juvenile court, exercising the discretion vested in him in the interest of the juvenile, continued the hearing in order to give the juvenile an opportunity to procure such witnesses as he might desire and at the same time tendered him and the persons acting for him the facilities of the court for that purpose, but no request was made to any officer of the court to summon any witnesses on behalf of the juvenile nor were any witnesses called in his behalf. From which counsel representing the state correctly argue that it is immaterial so far as this juvenile defendant is concerned whether Act No, 30 of 1924 is unconstitutional for failing to expressly provide for the compulsory attendance of witnesses in behalf of a juvenile defendant. Counsel for the state also correctly argue that it is likewise immaterial so far as this juvenile defendant is concerned whether Section 13 of Act 30 of 1924 is unconstitutional so far as it provides that the testimony of the probation officer assigned to the case shall be admissible as to the result of his investigation. Since an examination of the record shows that the probation officer did

not testify in the case regarding the result of his investigation, nor did he give hearsay testimony of any nature whatsoever, the juvenile can not challenge the constitutionality of the rules relative to the admissibility of evidence as set forth in Section 13 of the Legislative Act.

It will be time enough to consider the issue of unconstitutionality of Act 30 of 1924 tendered by the plea in this case when and if a case involving such an issue is properly presented for the decision of this Court.

The Constitution and Statute provide that appeals from the Juvenile Court of Caddo Parish shall be allowed to the Supreme Court on matters of law alone. Const. Art. 7, Sec. 54; Act 30 of 1924, Sec. 7. Whether the delinquency of the juvenile was or was not proved in this case is a question of fact of which this Court had no jurisdiction on appeal.

For the reasons assigned, the judgment appealed from is affirmed.