COMMONWEALTH *vs.* MARGARET GILBERT
(and a companion case against the same defendant).

Middlesex.   February 7, 1955. — May 3, 1956.

Present: QUA, C.J., RONAN, WILKINS, & COUNIHAN, JJ.

*Sedition.   Jurisdiction,* Federal field, Sedition.

The Smith act, U. S. C. (1952 ed.) Title 18, § 2385, taken in connection
with certain other Federal statutes, has exclusively occupied the field
of sedition with respect to conduct directed at overthrowing the gov-
ernment of the United States and precludes prosecution by a State
for such conduct as constituting an offence under the State law.
[73]

The decision in *Pennsylvania* v. *Nelson,* 350 U. S. 497, required the quash-
ing of an indictment in a Massachusetts court for conspiring to advo-
cate the overthrow by force and violence of the government of Massa-
chusetts where the acts specified were such as pertain to the overthrow
of government in general and cannot be directed separately and exclu-
sively against the government of Massachusetts, and also an indict-
ment, with specification of substantially the same acts, for conspiring
to advocate the overthrow by force and violence of the government
of the United States, whether the indictments were based on G. L.
(Ter. Ed.) c. 264, § 11, as appearing in St. 1948, c. 160, § 1, or on the
common law.   [74–75]

Two INDICTMENTS, found and returned on September 12,
1951.

The cases were reported by *Goldberg,* J.

*Ephraim Martin,* Assistant District Attorney, for the
Commonwealth.

*Stuart C. Rand & Walter N. Kernan,* for the defendant.

*Edward J. Barshak,* by leave of court, submitted a brief
as amicus curiae.

QUA, C.J.   Decision in these cases and in the case of
*Commonwealth* v. *Hood, post,* 76, also decided this day, has
been withheld until now because of the pendency before
the Supreme Court of the United States of the case of
*Pennsylvania* v. *Nelson* and our expectation that the deci-

sion in that case would throw light upon the action we should take in our *Gilbert* and *Hood* cases. That expectation has, we think, now been realized by the ruling of the Supreme Court in *Pennsylvania* v. *Nelson,* 350 U. S. 497, the opinion in which is dated April 2 of this year.

Both of the indictments now before us were returned by the grand jury in September, 1951. They are similar in form except as presently to be indicated. They charge the defendant and another person who, so far as appears, has not yet been brought before the court and whose name is not disclosed by the record with conspiring with two other named persons "to advocate, advise, counsel and incite the overthrow by force and violence of the government of . . . [first indictment, the Commonwealth of Massachusetts; second indictment, the United States of America] by speech, exhibition, distribution and promulgation of certain written and printed documents, papers and pictorial representations." Both indictments seem to have been framed to charge conspiracy to violate G. L. (Ter. Ed.) c. 264, § 11, as appearing in St. 1948, c. 160, § 1,[1] which defines crimes substantially in the terms of these indictments. If, however, as has been suggested in argument, these indictments should be regarded as indictments for conspiracy to commit common law offences, the result of the cases would be the same, and

---

[1] "Whoever by speech or by exhibition, distribution or promulgation of any written or printed document, paper or pictorial representation advocates, advises, counsels or incites assault upon any public official, or the killing of any person, or the unlawful destruction of real or personal property, or the overthrow by force or violence or other unlawful means of the government of the commonwealth or of the United States, shall be punished by a fine of not more than one thousand dollars, or by imprisonment for not more than three years, or both; provided, that this section shall not be construed as reducing the penalty now imposed for the violation of any law. It shall be unlawful for any person who shall have been convicted of a violation of this section, whether or not any sentence shall have been imposed, to perform the duties of a teacher or of an officer of administration in any public or private educational institution, and the superior court, in a suit by the commonwealth, shall have jurisdiction in equity to restrain and enjoin any such person from performing such duties thereafter; provided, that any such restraining order or injunction shall be forthwith vacated if such conviction shall be set aside." See now St. 1954, c. 584, § 1.

It is true that the time during which the conspiracies are alleged to have continued begins before the statute of 1948 took effect and continues thereafter, but the view we take of the cases makes it unnecessary to give consideration to this circumstance.

we therefore forbear discussion as to whether there is still a common law crime of sedition of the type charged.

Both cases are reported to us by a judge of the Superior Court before trial and without any rulings by him on the questions of law involved. G. L. (Ter. Ed.) c. 278, § 30A, inserted by St. 1954, c. 528.

We deal first with the indictment charging a conspiracy directed against this Commonwealth. In *Pennsylvania* v. *Nelson,* 350 U. S. 497, the defendant had been convicted under the Pennsylvania statute only with respect to sedition against the United States and not with respect to sedition against the State. *Commonwealth* v. *Nelson,* 377 Pa. 58. The Pennsylvania statute, like our own, attempted to deal with sedition directed against the nation as well as with sedition directed against the State. The Supreme Court of the United States at the outset of its opinion stated in effect that all that was before it for review was the precise holding of the Supreme Court of Pennsylvania. The reasoning of the opinion, however, seems to us to carry implications beyond the case of a State prosecuting for sedition against the United States and in substance to decide that the Smith act, now U. S. C. (1952 ed.) Title 18, § 2385, taken in connection with the general criminal conspiracy provisions of U. S. C. (1952 ed.) Title 18, § 371, the internal security act of 1950, U. S. C. (1952 ed.) Sup. II, Title 50, §§ 781 et seq., and the communist control act of 1954, 68 U. S. Sts. at Large, 775, indicates an intent on the part of Congress to occupy exclusively the field of sedition at least where the offence charged is a Federal crime of the type of that charged in that case, even though alleged as a conspiracy against the State. It would serve no purpose to recite the reasoning of the Supreme Court here further than to remark that it rests upon three principal grounds, (1) that "[t]he scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," (2) that "the federal interest is so dominant that the federal system [must] be assumed to preclude enforcement of state laws on the same

subject," and (3) that enforcement of the State sedition acts "presents a serious danger of conflict with the administration of the federal program."

Apparently the Supreme Court found all three grounds present in the *Pennsylvania* case. We think that court would find the same three grounds present in the first of the cases now before us, whether the indictment is laid upon that part of G. L. (Ter. Ed.) c. 264, § 11, relating to the overthrow of government by force and violence or upon some principle of the common law proscribing the same conduct. The indictment charges the defendant here with substantially the same acts as those forbidden by that part of the Pennsylvania statute involved in the decision of the Supreme Court. The record before us discloses the indictment in the terms hereinbefore described, a very elaborate motion for a bill of particulars and in reply thereto the specifications of what the Commonwealth would attempt to prove against the defendant, if the case went to trial. These include membership in the Communist Party, advocacy of the principles of Marxism-Leninism and of violent overthrow of the government of the Commonwealth, the holding of "cell meetings" and "secret pro-cell" meetings to study and promulgate communist literature and the methods to be used for the victory of communism, including the idea that the working class must shatter the State machinery, that the party seize control, destroy parliamentary government, and establish the dictatorship of the proletariat, and to learn the technique and methods for violent revolution. It is alleged that at such meetings a coconspirator would advocate that the workers of the United States must be armed to carry out an armed revolt in the United States, that the government should be overthrown by force to establish the dictatorship of the proletariat, and that the defendant was to assist in raising money to further the objects of the Communist Party. Although all these things and more in the same line are specified as pertaining to the conspiracy to overthrow the government of this Commonwealth, it is evident that they are the familiar paraphernalia

of communist agitation for the overthrow of government in general, and cannot be directed separately and exclusively against the government of this Commonwealth. They fall within the purview of the Smith act which by its terms is directed against propaganda for the overthrow not only of the government of the United States, but of the governments of the States as well. If the field in which was set the indictment in *Pennsylvania* v. *Nelson* has been exclusively occupied by the Federal government, it seems an inescapable deduction that the present indictment also invades the exclusive Federal field.

We do not wish to be understood as saying that there can never be any instance of any kind of sedition directed so exclusively against the State as to fall outside the sweep of *Pennsylvania* v. *Nelson.* If it is to be said that there can never be such an instance, it must be said elsewhere. We now say as to this first case that the nature of the accusation as disclosed by the indictment and the specifications seems to us to bring it within the scope of that decision.

The second case, in which the indictment and the specifications are substantially the same, except that the conspiracy is alleged to be to advocate the overthrow by force and violence of the government of the United States, is even more clearly within the authority of *Pennsylvania* v. *Nelson,* where the evidence pointed only toward sedition against the United States.

In each case the defendant's motion to quash the indictment must be allowed.

*So ordered.*