**Carl BRADEN, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

Court of Appeals of Kentucky.

June 22, 1956.

See, also, 277 S.W.2d 7.

Robert W. Zollinger, Louis Lusky, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., Robert F. Matthews, Jr., Asst. Atty. Gen., A. Scott Hamilton, Com. Atty., Louisville, Carl C. Ousley, Jr., Lawrence E. Higgins, Asst. Com. Attys., Louisville, for appellee.

SIMS, Judge.

The indictment in this case charged appellant, Carl Braden, and four other persons named therein, with knowingly and feloniously advocating by word or writing the expediency of physical violence to bring about a political revolution to change or modify the government, Constitution and laws of the United States and of the Commonwealth of Kentucky, contrary to the statutes in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky. Upon a separate trial Carl Braden was convicted and his punishment fixed at a fine of $5,000 and imprisonment for 15 years in the penitentiary. He appeals.

While this appeal was pending the United States Supreme Court handed down on April 2, 1956, an opinion in the case of Com. of Pa. v. Nelson, 350 U.S. 497, 76 S. Ct. 477, 100 L.Ed. ——. Petition for rehearing was overruled on May 14, 1956, 76 S.Ct. 785, 100 L.Ed. ——. In that opinion the United States Supreme Court affirmed the Supreme Court of Pennsylvania in setting aside the conviction of Nelson on an indictment charging him with sedition both against the United States and the State of

Pennsylvania. Com. v. Nelson, 377 Pa. 58, 104 A.2d 133. The opinion of the Supreme Court of the United States quoted from the opinion of the Supreme Court of Pennsylvania to the effect that in Nelson's trial in Pennsylvania the only evidence introduced of seditious acts was of ones directed against the United States.

The Pennsylvania statute, 18 P.S. § 4207, appears in an appendix to the opinion of the Supreme Court. An examination of this statute shows it to be quite similar to our KRS 432.030, as well as KRS 432.-040. Both the Pennsylvania statute and our statutes make it a felony to advocate the overthrow of the government of the United States or of the State by force and violence. In affirming the Supreme Court of Pennsylvania, which set aside Nelson's conviction, the United States Supreme Court wrote that Congress by the Smith Act of 1940, as amended in 1948, 18 U.S.C. § 2385, as well as by other security acts passed by the Congress, showed an intention to occupy the field in prosecutions for sedition. We quote from the opinion of the United States Supreme Court [350 U.S. 497, 76 S.Ct. 481]:

"We examine these Acts only to determine the congressional plan. Looking to all of them in the aggregate, the conclusion is inescapable that Congress has intended to occupy the field of sedition. Taken as a whole, they evince a congressional plan which makes it reasonable to determine that no room has been left for the States to supplement it. Therefore, a state sedition statute is superseded regardless of whether it purports to supplement the federal law. * * *

" * * * the federal statutes 'touch a field in which the federal interest is so dominant that the federal system (must) be assumed to preclude enforcement of state laws on the same subject.' * * * Congress having thus treated seditious conduct as a matter of vital national concern, it is in no sense a local enforcement problem. * * *

" * * * enforcement of state sedition acts presents a serious danger of conflict with the administration of the federal program."

In Com. v. Gilbert, Mass., 134 N.E.2d 13, 16, the indictment charged Gilbert with advocating the overthrow by force and violence of the government of Massachusetts. The Supreme Court of that State held the opinion of the United States Supreme Court in the Nelson case was controlling, and that the Congress had pre-empted to federal authorities the field in prosecutions of sedition, even though the crime was charged as having been committed only against the State. However, Chief Justice Qua said the Supreme Court of Massachusetts should not be understood as saying, "that there can never be any instance of any kind of sedition directed so exclusively against the State as to fall outside the sweep of Pennsylvania v. Nelson. If it is to be said that there can never be such an instance, it must be said elsewhere."

We are in full accord with the language just quoted from the Massachusetts Supreme Court. To be certain of making ourselves clear, we now state this opinion does not foreclose the possibility of a prosecution by the Commonwealth of the crime of sedition directed exclusively against the Commonwealth of Kentucky.

It would serve no useful purpose for us to further set out the reasoning of the United States Supreme Court in the Nelson case. It will suffice to say that we are compelled to follow the result reached by it, since there is no logical way to distinguish the instant case from the Nelson case as decided by the United States Supreme Court.

For the reasons given the judgment is reversed with directions that the indictment be dismissed as to Carl Braden.