Commonwealth *v.* Dolsen, Appellant.

340

Argued December 28, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Hymen Schlesinger*, for appellant.

*William Claney Smith*, Assistant District Attorney, with him *Edward C. Boyle*, District Attorney, for Commonwealth, appellee.

OPINION BY HIRT, J., June 11, 1957:

The defendant James Dolsen, an acknowledged member of the Communist party, was charged with sedition, in an indictment containing twelve counts, under the Act of June 24, 1939, P. L. 872, 18 PS 4206, as offenses against both this State *and* against the

United States. At the trial of Dolsen four counts of the indictment, charging seditious acts, as defined in subsection (c) of the Act, were withdrawn from the jury's consideration. He was found guilty on the remaining eight counts, and was sentenced to pay a fine of $10,000 and to undergo imprisonment in the Allegheny County Workhouse for a term of twenty years. This is his appeal from the judgment of sentence.

Steve Nelson, also an acknowledged Communist, was charged in a separate indictment with the same twelve offenses upon which Dolsen was tried. The cases originally were consolidated for trial. But after the trial had proceeded for four months, when Nelson was severely injured in an automobile accident, a severance was granted as to him. At a subsequent trial before another jury Nelson was found guilty on all twelve charges. His sentence was identical with that imposed as above noted, on defendant James Dolsen.

On Nelson's appeal to us from his conviction in the court below, we affirmed the judgment. *Commonwealth v. Nelson*, 172 Pa. Superior Ct. 125, 92 A. 2d 431. On further appeal our Supreme Court reversed **the conviction and quashed the indictment.** *Commonwealth v. Nelson*, 377 Pa. 58, 104 A. 2d 133. The Supreme Court of the United States granted certiorari on application of the Commonwealth, and on April 2, 1956 (with three Justices dissenting) affirmed the judgment of our Supreme Court. *Commonwealth of Pennsylvania v. Nelson*, 350 U. S. 497, 76 S. Ct. 477. Pending final judgment in the above series of appeals, we postponed disposition of the present appeal. Arguments in the Dolsen case were heard specially by us on December 28, 1956.

In the *Nelson* case our Supreme Court, in an opinion by the present Chief Justice, concluded that the motion in arrest of judgment should have been granted

by the lower court. The holding was based almost entirely upon these considerations: Under our federal system there are functions of government which a State may not exercise if such matters have been committed expressly or impliedly by the Constitution of the United States, to the Federal Government; "A state's jurisdiction of crime can extend only to acts committed within its borders. And, while the Pennsylvania statute proscribes sedition against either the Government of the United States or the Government of Pennsylvania, it is only alleged sedition against the United States with which the instant case is concerned. Out of all the voluminous testimony [monumental, at least in bulk] we have not found, nor has anyone pointed to, a single word indicating a seditious act or even utterance directed against the Government of Pennsylvania. Indeed, it is difficult to conceive of an act of sedition against a State in our federated system that is not at once an act of sedition against the Government of the United States,—the Union of the forty-eight component States. Conversely, the duty of suppressing sedition within a State rests directly upon the Federal Government by virtue of Article IV, Section 4, of the Constitution which charges the National Government with the duty of guaranteeing 'to every State in this Union a Republican Form of Government.' This positive constitutional mandate Congress undertook to carry out in the original Smith Act (54 Stat. 671) by expressly making it a crime for anyone to advocate, etc. the overthrow or destruction by force or violence of 'any government in the United States' (Emphasis supplied). The same interdiction was expressed in the 1948 revision of the Smith Act (62 Stat. 808 [18 U.S.C.A. 2385]) as being applicable to the attempted overthrow or destruction of 'the government of the United States or the government of any State, Terri-

tory, District or Possession thereof, or the government of any political subdivision therein . . .' Federal preemption could hardly be more clearly indicated." "Sedition [in the language of the then Chief Justice in a concurring opinion] against the United States is not a *local* offense. It is a crime against the *Nation*. As such, it should be prosecuted and punished in the Federal courts where this defendant has in fact been prosecuted and convicted and is now under sentence. It is not only important but vital that such prosecutions should be exclusively within the control of the Federal Government . . .". The Supreme Court of the United States in the opinion by Mr. Chief Justice WARREN, three Justices dissenting, arrived at the same conclusion and upon the same reasoning. The excerpts from the opinion of our Supreme Court to which we have referred, supra, were quoted almost in toto by the Chief Justice with approval, as well as the following test, as applicable, from the opinion in *Rice v. Sante Fe Elevator Corp.*, 331 U. S. 218, 67 S. Ct. 1146: "The scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." And, following specific reference to the Internal Security Act of 1950, 50 U.S.C.A. 781 et seq., and to the Smith Act, supra, the court (p. 504) stated: "We examine these Acts only to determine the congressional plan. Looking to all of them in the aggregate, the conclusion is inescapable that Congress has intended to occupy the field of sedition. Taken as a whole, they evince a congressional plan which makes it reasonable to determine that no room has been left for the States to supplement it. Therefore, a state sedition statute is superseded regardless of whether it purports to supplement the federal law."

The ultimate question involved in the *Nelson* case and in the present appeal were of the highest impor-

tance. Forty-two of the States, and in addition Alaska and Hawaii, have criminal statutes which in some form proscribe seditious acts against established government. And prior to the *Nelson* decision the constitutional question here involved, never had been passed upon. However, now in the light of the decision of the United States Supreme Court in the *Nelson* case, which disposes of the question with finality, little can be said with profit in disposing of the present appeal. We have compared the indictments in the two cases and we too have found the language to be identical even to the date laid in each of them. The fact that four counts of the Dolsen indictment were withdrawn from consideration by the jury and that all twelve counts went to the jury in the *Nelson* case, is unimportant. The remaining counts against Dolsen charged seditious acts against the United States, alone. And in each instance the prosecutions were brought under our State Sedition Act of June 24, 1939, P. L. 872, §207, 18 PS §4207. There can be no question that the present appeal is ruled by the *Nelson* decision in the United States Supreme Court.

Judgment reversed and the indictment quashed.