107 So.2d 648

STATE of Louisiana

v.

Junesh JENKINS.

No. 43809.

Dec. 15, 1958.

Jack P. F. Gremillion, Atty. Gen., Michael Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Louis F. Claiborne, Asst. Dist. Atty., New Orleans, for appellant.

George A. Dreyfous, New Orleans, amicus curiae.

Simmie Monroe, James I. McCain, New Orleans, for defendant-appellee.

McCALEB, Justice.

Appellee was charged in a bill of information with violating R.S. 14:366–380, known as the Subversive Activities Law, in that she is a member of the Communist Party, knowing it to be a foreign subversive organization as defined in Section 366 of the statute.

In a motion to quash based on several grounds, appellee pleaded that the power of the State to enact and enforce anti-subversive legislation has been superseded by the Congress of the United States in its enactment of the Smith Act, 18 U.S.C. Section 2385. The district judge sustained the motion and dismissed the charge on the authority of Commonwealth of Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 480, 100 L.Ed. 640, and the State has prosecuted this appeal.

In the Nelson case, an admitted communist, was convicted of violating the anti-subversive legislation of the State of Pennsylvania, which is similar in its essential features to the Louisiana statute. The conviction was reversed on appeal,[1] the Court resolving that Federal legislation had preempted the field of subversive activity, thus rendering the State legislation United States granted certiorari and, by inoperative. The Supreme Court of the a six to three vote, affirmed the ruling of Pennsylvania's highest court.

The majority opinion in the Nelson case applied three of several tests employed by the Supreme Court in other decisions in determining that Congress had intended to preempt the entire field of subversive activity. It deduced (1) " '(t)he scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it' "; that (2) "the federal statutes 'touch a field in which the federal interest is so dominant that the federal system [must] be assumed to preclude enforce-

1. Commonwealth v. Nelson, 377 Pa. 58, 104 A.2d 133.

ment of state laws on the same subject.'" and (3) that "enforcement of state sedition acts presents a serious danger of conflict with the administration of the federal program".

In this Court the district attorney, pointing to critical comments of the prevailing view in the Nelson case in various law journals [2]—which proclaim that it represents an extension of the doctrine of supersession beyond the areas in which the Federal Government is conceded to have a dominant, if not exclusive, interest such as interstate commerce, foreign affairs and alien registration—asserts that, while the authority of the decision cannot now be disputed, "it should at lease be strictly construed". From this premise, it is argued that, since the Nelson case (unlike this one) involved a charge of sedition directed solely against the government of the United States, we should limit its effect and hold that Federal supersession has rendered our statute unenforceable only insofar as it proscribes acts of sedition against the United States alone.

This contention cannot be sustained. A reading of the majority opinion in the Nelson case leaves no doubt that the ruling covers the entire area of communist activity, since communism in any form, even though directed against a local government, necessarily violates the Smith Act. Thus, in the case at bar, the charge that the accused has been guilty of subversive activity, in that she was a member of the Communist Party, in its essence includes seditious acts against the government of the United States (even though such violation had not been specifically alleged), for our Communist Control Law (R.S. 14:358–365), like the Federal Communist Control Act, 50 U.S.C. § 841 et seq., contains legislative declarations of fact that the Communist Party is dedicated to the overthrow of all organized government.

The conclusion we reach here finds ample support in the views expressed by the highest courts of Massachusetts, Kentucky and Michigan.[3] If a case of sedition is ever presented under our law which does not necessarily involve seditious acts against the Federal government, it will be time enough to decide whether the ruling in Commonwealth v. Nelson precludes such a prosecution.

In a supplemental brief filed on a reargument of this case, the district attorney (elected since the matter was first submitted for decision) directs our attention

**2.** 6 Am.U.L.Rev. 53; 6 DePaul L.Rev. 155; 30 So.Cal.L.Rev. 101; 10 Vanderbilt L.Rev. 144; 31 Washington L.Rev. 300.

**3.** Commonwealth v. Gilbert, 334 Mass. 71, 134 N.E.2d 13; Braden v. Commonwealth, Ky., 291 S.W.2d 843; Albertson v. Millard, 345 Mich. 519, 77 N.W.2d 104 and see also Commonwealth v. Dolsen, 183 Pa.Super. 339, 132 A.2d 692.

to the Tenth Amendment's reservation to the States of powers not delegated by the Constitution to the United States and declares it to be apparent that Congress was without right to restrict the power of the states to punish for violation of state sedition laws, even though the offense might also be violative of federal legislation.

█ This proposition assumes without discussion that State police power cannot be bridled in areas of dual interest, Federal and State. In such instances, the question of restriction of state action depends upon whether the federal interest is dominant and Congress has occupied the field to the exclusion of the States. A review of the many cases of the Supreme Court of the United States involving federal supremacy and supersedure would serve no useful purpose here.[4] Suffice it to repeat that any claim of reserved state power in prosecutions for communist activity has been foreclosed by the Nelson case.

The judgment is affirmed.

HAMITER and HAWTHORNE, JJ., dissent.

SIMON, J., concurs.

4. An interesting discussion of many of the authorities will be found in Vol. 41, Minnesota Law Review, pages 287–332 in an article entitled "State Control of Sedition: The Smith Act as the Supreme Law of the Land" by Alan Reeve Hunt of the Pennsylvania and District of Columbia bars.