TATE, Justice.
 

 The defendant was indicted for the crime of aggravated rape, a violation of Article 42 of the Louisiana Criminal Code (LSA-R.S. 14:42), tried, convicted, and sentenced to life imprisonment. He appeals to this Court and presents for review only one bill of exceptions, which was taken to the trial court’s denial of a motion to quash the indictment.
 

 ■In the motion to quash, counsel for the defendant alleged that defendant was deprived of due process of law and equal protection of law as guaranteed by the Constitution and laws of the United States and of the State of Louisiana because:
 

 (1) The statute regulating the drawing and impaneling of a grand jury in Orleans Parish (LSA-R.S. 15:196) .confers upon the criminal judge exclusive discretion to select the twelve members of the grand jury from the seventy-five or more names furnished to him after a drawing thereof from the jury wheel by the jury commissioners, which discretion might be exercised arbitrarily and discriminatorily and in an unconstitutional manner by the aforesaid judicial officer;
 

 (2) The aforesaid statutory provision regulating the selection of grand jurors in Orleans Parish
 
 [1]
 
 differs from the statutory method of selecting grand jurors in the other parishes of Louisiana,
 
 [2]
 
 thus de
 
 *456
 
 priving defendant of the “equal protection and application of the law.”
 
 [3]
 

 With regard to the first ground urged, defendant-appellant, a Negro, does not charge that
 
 in fact
 
 any discrimination occurred in the selection and impaneling of the grand jury, nor is there any evidence whatsoever herein that Negroes were excluded from, or else purposefully included by way of merely token representation on, either the general venire list from which the present grand jury was chosen or the grand jury itself, so as to be violative of the constitutional prohibition against such discriminatory practices. State v. Palmer, 232 La. 468, 94 So.2d 439; State v. Green, 221 La. 713, 60 So.2d 208; State v. Dorsey, 207 La. 928, 22 So.2d 273; State v. Pierre, 198 La. 619, 3 So.2d 895, certiorari denied, 314 U.S. 676, 62 S.Ct. 186, 86 L.Ed. 541. (As a matter of fact, three Negroes served on the grand jury which indicted defendant, and two Negroes served on the petit jury which convicted him.) Defendant simply charges that the mere possibility that this otherwise valid statute may be discriminatorily administered weights it with unconstitutionality.
 

 We regard as untenable appellant’s position that he was deprived of his constitutionally guaranteed rights to have due process and equal protection of the laws simply because the statutory discretion entrusted to a judicial officer in the selection of a grand jury might possibly be unconstitutionally and discriminatorily exercised, when the record shows and it is admitted that in fact no such abuse of discretion occurred.
 
 [4]
 
 Nor is any legal authority cited in support of such argument. The selection
 
 *458
 
 of a venire list or of a jury therefrom is not subject to challenge in the absence of fraud or prejudice to the defendant, Article 203 of the Code of Criminal Procedure (LSA-R.S. 15:203), State v. Poe, 214 La. 606, 38 So.2d 359, State v. Gros, 204 La. 705, 16 So.2d 238; cf. also, LSA-R.S. 15:-557; and one not adversely affected thereby has no standing to assert a statute’s claimed unconstitutionality, State v. Garrett, 218 La. 538, 50 So.2d 24; State In Interest of McDonald, 207 La. 117, 20 So.2d 556; see also: Whitney Nat. Bank of New Orleans v. Little Creek Oil Co., 212 La. 949, 33 So.2d 693; Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49, 61; cf., McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78.
 

 As to the second ground of attack upon the constitutionality of the statutory method of selection of grand juries in Orleans Parish, we are cited to no provision of the State or Federal constitutions which prevents our legislature from providing as it has done a different method of jury selection for the metropolitan area of Orleans Parish than for the other parishes of the State, and we fail to see how defendant-appellant has been prejudiced by or has ground to complain of such historic differentiation.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 .
 
 LSA-R.S. 15:196, summarized in text supra. This provision is found in Sub-Part C “Drawing and Selecting of Juries
 
 in Parish of Orleans”,
 
 Part XVIII, of Chapter 1 (Code of Criminal Procedure), Title 15 of our Revised Statutes. (Italics ours.)
 

 [2]
 

 . LSA-R.S. 15:184, which essentially provides that the sheriff under the direction of the court shall select the jurors by
 
 lot
 
 (rather than within his discretion, as in Orleans Parish) from the twenty names furnished him by the parish jury commission. This provision is found in Sub-Part .B “Drawing and Selecting of Jurors,
 
 Parish of Orleans Eweepted”,
 
 .Part XVIII of Chapter 1 (Code of Criminal Procedure), Title 15 of. our Revised Statutes. (Italics ours.)
 

 [3]
 

 . In oral argument upon appeal, counsel for defendant adverted to a third ground advanced in the motion to quash the indictment filed September 4, 1957: that “the seventy-five names from -which the Grand Jurors selected by the judge herein were not drawn from the jury wheel in accordance with law by the Jury Commissioners but, on the contrary, were drawn in direct violation of R.S. 15:196.” Although this argument would be of doubtful efficacy even had the factual allegations of a drawing from less than 750 names in the wheel (LSA-R.S. 15:-194) been proven (cf. State v. Jenkins, 236 La. 300, 107 So.2d 648; State v. Murphy, 234 La. 909, 102 So.2d 61), the uneontradicted testimony taken concerning this point, as the trial court stated in his Per Curiam, “shows that the drawing from the jury wheel was strictly according to law.” (Tr-43.) As a matter of fact, immediately following the hearing of November 27th, the minute entry shows that “It was agreed between counsel for the state and counsel for defendant that the grand jury that indicted the defendant was impanelled in accordance with Revised Statute 15:196” (Tr-9), and the bill of exception reserved to the . trial court’s denial of the motion to quash the indictment does not re-urge this ground as error (Tr-41).
 

 [4]
 

 . Our Code of Criminal Procedure, Art. 172 (LSA-R.S. 15:172) provides that in the selection of grand and petit jurors “there shall be no distinction made on account of race, color or previous condition of servitude.” It is presumed, until the contrary is shown, that our judicial officers will do their duty according to law
 
 *458
 
 (State v. Palmer, above cited; State v. Pierre, above cited), as the record unquestionably reflects was done in the present case.