SUMMERS, Justice.
Defendants Eulin Guidry, Donald Landry and Allen Bonvillion were charged by grand jury indictment with having violated, on November 28, 1977, “the provisions of La. R.S. 42:5 through 42:7.1 by holding and participating in a closed meeting contrary to the law. Commonly referred to as the Sunshine Law.” [1]
On that date the three defendants, all members of the Terrebonne Parish Police Jury and of its Coastal Zone Management Committee, assembled with the Secretary and Public Works Director, who were officials of the police jury, and some members of the Houma-Terrebonne Regional Planning Commission. No per diem was paid for attendance, there was no agenda, no minutes were kept, and no action or vote was taken on any matter at the gathering. No one was excluded from entering the room where the group had gathered. The persons present did not constitute a quorum of either the Terrebonne Police Jury or its Coastal Zone Management Committee.
Defendants filed motions to quash alleging numerous grounds, some addressed to the constitutionality of the statute and others to the form of the indictment. After a *591 hearing on the motions, the trial court quashed the indictment holding that 1) the statute involved was unconstitutionally vague, 2) violated defendant’s First Amendment right to free speech, 3) violated the Fourteenth Amendment’s equal protection clause, and 4) the form of the indictment was defective. The State appealed.
The State’s initial contention is that defendants have no standing to contest the constitutionality of the Open Meeting Law (La.Rev.Stat. 42:5 & 7.1) because their conduct was not prohibited by statute. A quorum of the Police Jury or of its Coastal Zone Management Committee was not present at the gathering of November 28, 1977, and therefore the gathering was not a “meeting” or an “administrative conference” as contemplated by Section 5 of Title 42 of the Revised Statutes. To support its position, the State relies upon this Court’s decision in State v. Rue, 236 La. 451, 107 So.2d 702 (1958) and the decision of the Third Circuit in City of Natchitoches v. State, 221 So.2d 534 (La.App.1969).
We take it as settled, therefore, that the State’s position is that defendant did not violate the statute because, by the un-controverted evidence, no quorum was present of any governing body or board. This is the identical contention made by defendants. Therefore, since defendants are not adversely affected by the statute they have no standing to assert the statute’s alleged unconstitutionality. The holdings in State v. Rue, supra, and City of Natchitoches v. State, supra, support this conclusion.
When it is conceded by the State and contended by the defense that the facts of the case do not fall within the proscription of the statute, the defendant cannot be convicted of violating its provisions. This being the case, the indictment must be quashed.
Notwithstanding the State’s concession that these defendants have not violated the law, both the State and the defense urge this Court to adjudicate the constitutional issues presented in order that public officials may know what conduct is prohibited. This we cannot do. This Court cannot be called upon to explore and adjudicate serious constitutional issues in a criminal prosecution when both the State and the defense concede that the prosecution is not well-founded and defendants should be discharged. As stated by Chief Justice Sanders in Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970):
“The principle that this Court will not render advisory opinions on matters that have no effect upon the present rights of litigants is deeply rooted in the jurisprudence. See, e. g., Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471; Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660; In re Westwego Moss Co., 196 La. 168, 198 So. 893.”
The rationale for such a decision is expressed with approval in Aucoin:
“The constitutionality of a statute will not be considered and determined by the courts as a hypothetical question, because constitutional questions are not to be dealt with abstractly or in the manner of an academic discussion.” 16 Am.Jur.2d, Constitutional Law, § 112.
For the reasons assigned, the indictments in these consolidated cases are quashed, and the judgment of the trial court declaring the Open Meeting Law unconstitutional is reversed and set aside.
SANDERS, C. J., concurs in the decree only.
DIXON, J., dissents. The trial court erroneously declared the statute unconstitutional; we should reverse and remand.

. The text of Louisiana’s Open Meeting Law is contained in an appendix to this decision.