KNOLL, Judge,
dissenting.
Although defendant was tried by eleven jurors, the record fails to show that this defect prejudiced or in any way tainted defendant’s trial, requiring the drastic remedy of a reversal. Absent a showing of prejudice, this defect is tantamount to harmless error. All eleven jurors concurred in finding defendant guilty of a lesser crime, that of aggravated battery. In viewing this situation in a light most favorable to defendant, even had there been twelve jurors, the vote would have been eleven to one in favor of conviction, one more than the aforementioned statute requires for conviction.
More importantly, the decision to waive the twelfth juror in this instance was to defendant’s advantage because the jury returned a responsive verdict of a lesser included offense making it possible for defendant to receive a suspended sentence, which in fact defendant received: 6 years at hard labor, suspended and placed on 5 years supervised probation. By reversing this conviction and sentence on a non-prejudicial defect, namely, the court is illegally constituted, State v. Gros, 204 La. 705, 16 So.2d 238 (1943), the defendant can be tried for second-degree murder, which sentence is not susceptible to suspension, nor does this constitute double jeopardy. LSA-C. Cr.P. Art. 595. The defendant did not complain of this procedural defect, although it can be presumed he was aware of it since his counsel on his behalf waived it. The State did not appeal nor file a brief in this case. When a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review. State v. Jackson, 452 So.2d 682 (La.1984). In my view, the rationale of Jackson is applicable to the instant case and we should ignore this patent error since it is favorable to the defendant, or otherwise defendant’s right to appeal would result in his coming out of the appeal with exposure to a harsher conviction and sentence. Jackson, supra.
For these reasons, I respectfully dissent.